(No. 30204.—

The People of the State of Illinois, Defendant in Error, vs. Fritz Curth, Plaintiff in Error.

*Opinion filed November 20, 1947.*

Fritz Curth, *pro se.*

George F. Barrett, Attorney General, of Springfield, (Charles G. Seidel, State's Attorney, and Ernest W. Akemann, both of Elgin, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Fritz Curth, was indicted in the circuit court of Kane County at the June, 1943, term of said court, for the crime of taking indecent liberties with a child. On June 30, 1943, the court appointed two attorneys as counsel to defend him, and on the same day he was arraigned, pleaded guilty, and was sentenced to the

penitentiary for a term of not less than one nor more than twenty years. He brings his cause here on writ of error, filing only the common-law record.

The two errors assigned by which a reversal of the judgment is sought are that plaintiff in error was not properly or competently represented by counsel, and that the court did not hear evidence in aggravation and mitigation of the offense.

An examination of the record presented here does not indicate that the counsel appointed were incompetent or that they did not properly and intelligently represent him. Whether or not an accused has been properly and competently represented by counsel appointed to defend him can be determined only from an examination of a bill of exceptions. *People* v. *Burnett,* 395 Ill. 179; *People* v. *Bertrand,* 385 Ill. 289.

Nothing appears in the common-law record, which is all that is presented here, to indicate that either the defendant or the State's Attorney requested the trial court to examine witnesses as to the aggravation or mitigation of the offense. Such examination of witnesses is a privilege which may be waived, and where the record does not disclose a request for the examination of witnesses as to the aggravation or mitigation of the offense, the presumption is that the defendant waived his right to a hearing on that subject. *People* v. *Farris,* 392 Ill. 267.

In addition, a provision of the statute making it the duty of the court to examine witnesses as to the mitigation and aggravation of the offense applies only to those cases where the court possesses discretion as to the extent of the punishment, and has no application where the punishment is fixed by law and the court has no discretion as to its extent. (Ill. Rev. Stat. 1945, chap. 38, par. 732; *People* v. *Lisle,* 390 Ill. 327; *People* v. *Braner,* 389 Ill. 190.) Here the defendant was sentenced prior to the effective date of the 1943 amendments to the Sentence and Parole

Act. The statutory penalty for the crime to which he pleaded guilty was one to twenty years, and no other or different sentence could lawfully be imposed upon him. *People* v. *Knudsen,* 394 Ill. 90.

We have examined the record in this case, and the contentions assigned by plaintiff in error, and do not find any errors warranting a reversal. The judgment of the circuit court of Kane County is, therefore, affirmed.

*Judgment affirmed.*