(No. 31180

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILBUR PEARL BRITTON, Plaintiff in Error.

*Opinion filed January 18, 1950.*

WILBUR PEARL BRITTON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and E. C. EBERSPACHER, State's Attorney, of Shelbyville (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On January 18, 1943, plaintiff in error and one Harold Junior Abel were jointly indicted in the circuit court of Shelby County for the crimes of burglary and larceny. There were three counts in the indictment, each one charging the two defendants with forcibly breaking into a garage building and stealing and carrying away two five-gallon cans of gasoline and one bicycle of the value of thirty dollars.

On February 19, 1943, plaintiff in error appeared in the circuit court of Shelby County and was there furnished with a copy of the indictment, list of jurors and witnesses, and was arraigned. He informed the court he desired to plead guilty. The court admonished the plaintiff in error as to the consequences of a plea of guilty, but he persisted in his plea and signed a written waiver of trial by jury, which also included a written plea of guilty to the offense of burglary and larceny. The court then sentenced the plaintiff in error to the Illinois State Penitentiary for an indeterminate term as provided by law, there to remain not less than one year and not more than life.

The plaintiff in error then moved for leave to file a petition for probation, which on February 23, 1943, was, on his own motion, withdrawn. Appearing *pro se,* he prosecutes this writ of error to review his conviction and furnishes the common-law record only.

He assigns five specific errors upon which he relies for reversal. It is first contended that the indictment charged two separate and distinct felonies in that it included a charge of both burglary and larceny. While it is not proper to include separate and distinct felonies in the same count of an indictment, this court has held that a count for larceny may be joined with a count for burglary in the same indictment, or both offenses may be joined in the same count when they arose out of the same transaction. *People* v. *McMullen,* 400 Ill. 253; *People* v. *Saxton,* 400 Ill. 257.

Plaintiff in error next complains of the haste and rapidity used in the disposal of his case in the circuit court. A reading of the record discloses that the court was very careful in allowing the defendant all of his constitutional rights and that no undue haste or confusion was committed in the arraignment, plea of guilty, judgment or sentence of plaintiff in error.

He next urges that no hearing was held as to aggravation or mitigation of the offense charged. In *People* v. *Evans,* 397 Ill. 430, and *People* v. *Curth,* 398 Ill. 322, this court held expressly that even in cases where the court had discretion as to the extent of the punishment and no request either by the People or by the defendant was made for the examination of witnesses as to aggravation or mitigation, such examination and hearing are deemed to be waived.

The fourth assignment that the judgment and sentence are not clear, certain or specific is without merit.

The last point raised by plaintiff in error states that the sentence carried an advisory recommendation as to the minimum and maximum duration based upon the invalid act of 1941, citing *People* v. *Montana,* 380 Ill. 596. In that case certain amendments to the Sentence and Parole Act were held invalid because they delegated judicial power to an administrative body, but there is nothing in the judgment or sentence in this case which is remotely related to the *Montana case.*

The plaintiff in error makes the general charge that the hearing in his case was a confused and tangled affair, but that conclusion is not borne out by the amended record filed in the circuit court of Shelby County on October 18, 1949. On the whole, the record is complete and does not show the alleged errors relied upon by plaintiff in error.

The judgment of the circuit court of Shelby County is affirmed.

*Judgment affirmed.*