(No. 31402.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLIVER WILLIAM FLEMING, Plaintiff in Error.

*Opinion filed September 21, 1950.*

OLIVER WILLIAM FLEMING, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and PERLEY T. LUPTON, State's Attorney, of Decatur, (DONALD G. BAIRD, of Decatur, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Oliver William Fleming, plaintiff in error, was indicted in the circuit court of Macon County, for the crime of petit larceny. He was represented by counsel of his own choice and entered a plea of not guilty. Later, he withdrew his former plea, waived his right to a trial by jury

and, after being duly admonished by the court as to the consequences of a plea of guilty and advised as to his rights, he entered a plea of guilty to the indictment. Judgment was entered upon his plea and application was then made for probation. After testimony was taken, the application for probation was denied and the plaintiff in error, who was found to be forty-eight years of age, was sentenced to the Illinois State Penitentiary for an indeterminate term of not less than one year nor more than three years.

The errors assigned are: (1) that the court was without jurisdiction to sentence plaintiff in error to the penitentiary for a term of from one to three years on an indictment for petit larceny; (2) that the court did not hear evidence in aggravation or mitigation as provided by section 4 of division XIII of the Criminal Code. Ill. Rev. Stat. 1947, chap. 38, par. 732.

As to the first contention, the record discloses the indictment sets out in detail a prior conviction of petit larceny and alleges that plaintiff in error was more than eighteen years of age. Section 169 of division I of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 393,) provides, in part: "In case of a second conviction of the offense of petty larceny by any person over the age of eighteen years, the punishment shall be by imprisonment in the penitentiary for a term of not less than one year and not exceeding three years; * * * Provided, that such former conviction and judgment shall be set forth in apt words in the indictment."

Plaintiff in error's contention on this point is directed at section 1 of an act relating to petit larceny, (Ill. Rev. Stat. 1947, chap. 38, par. 389,) which prescribes a punishment for petit larceny of a fine not to exceed one hundred dollars or imprisonment in the county jail or workhouse for not to exceed one year, or both such fine and imprisonment.

It is obvious that where the indictment is for a second offense of petit larceny by a person over the age of eighteen years, and the former conviction and judgment is set out in apt words in the indictment, which we find to be the case here, paragraph 393 applies and not paragraph 389 of said chapter. The sentence imposed is exactly as prescribed by the applicable statute and therefore plaintiff in error was properly sentenced.

It is next contended that the court failed to hear evidence in aggravation or mitigation. It is not contended that any request was made for such hearing, either by the People or by plaintiff in error, and it is not so shown by the record. We have repeatedly held that where no such request is made, the hearing on aggravation or mitigation is waived. *People* v. *Britton,* 405 Ill. 11; *People* v. *Curth,* 398 Ill. 322; *People* v. *Evans,* 397 Ill. 430.

The record discloses that plaintiff in error was at all stages of the proceedings represented by counsel of his own choice and that ample time was given plaintiff in error to present his case. It is further disclosed by the record that after plaintiff in error had entered his plea of guilty he was fully heard on his application for probation.

Plaintiff in error also argues that he was not advised of his rights and that his counsel did not prepare an adequate defense. The record reveals that before he was permitted to withdraw his plea of not guilty and enter his plea of guilty the court advised him of the consequences of his plea, and that he persisted therein while represented by counsel of his own choice, who was present during such proceedings. It is apparent from the record that he was given a fair and full hearing by the court, represented by counsel of his own choice, and no errors of law have intervened resulting to his prejudice.

The judgment of the circuit court of Macon County is, therefore, affirmed.

*Judgment affirmed.*