(No. 34344.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BUREL SHRUM, Plaintiff in Error.

*Opinion filed November 20, 1957.*

BUREL SHRUM, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, and BRUCE E. KAUFMAN, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

In 1947 Burel Shrum pleaded guilty to an indictment that charged him with murder. Upon his plea he was adjudged guilty, and after a hearing in mitigation and aggravation he was sentenced to the penitentiary for a term of 199 years.

On this writ of error to review the judgment of conviction he first contends that the sentence of 199 years is not authorized by law. The statute, however, has long been interpreted otherwise, (*People* v. *Pace,* 362 Ill. 224; *People* v. *Rucker,* 364 Ill. 371; *People* v. *Touhy,* 9 Ill.2d 462,) and the General Assembly has not acted to correct that interpretation.

The contention that the indictment is defective because it fails to state that the defendant's assault upon the woman he killed was made "with intent" to murder is also untenable. The indictment charges that the defendant "did, unlawfully, feloniously and wilfully, with malice aforethought, with a pistol then and there held in his hands, assault and shoot one Margaret Radford, * * * and gave her on mortal wound, of which * * * the said Margaret Radford, * * * on the eleventh day of January A.D. 1947, * * * died." It effectively charges the crime of murder. *People* v. *Moore,* 368 Ill. 455; *People* v. *Corder,* 306 Ill. 264.

Defendant argues that the court erred in not appointing counsel for him and that there was no intelligent waiver of his right to counsel and to a trial by jury. The case is here upon the common-law record, and that record contradicts defendant's claim. It states that "the court explained to the defendant his right to a trial by jury and to be represented by counsel, but the defendant indicates and says he does not want counsel appointed for him but is guilty of the crime of murder and is ready to enter his plea of

guilty to said charge of murder." The court then explained the penalty for murder and admonished defendant as to the consequences of his plea, but he persisted in his plea of guilty. So far as the record shows, defendant was capable of waiving his right to counsel and to a trial by jury, and understandingly did so. When he was convicted the present requirement (Ill. Rev. Stat. 1955, chap. 110, par. 101.26) that a verbatim transcript of the proceedings on arraignment be preserved as a part of the common-law record was not in effect.

Defendant also complains that the record does not show that he was ever found guilty by the court or a jury, and that it fails to show that the court entered judgment before imposing sentence upon his plea of guilty. The record also refutes this contention. It states that "the defendant persists in his plea of guilty, and the Court thereupon accepts the plea of guilty and passes judgment upon his plea of guilty, as charged in the indictment * * *. The Court holds hearing in mitigation and aggravation * * * Whereupon the Court sentences the said defendant, Burel Shrum, to serve a term of One Hundred Ninety-nine years in the Illinois State Penitentiary * * *." In the context in which it is here used, the word "passes" is equivalent to "enters" or "renders." Black's Law Dictionary, 4th ed.; Bouvier's Law Dictionary, Rawles 3rd ed.

The defendant was not deprived of due process because the court did not inquire whether he had anything further to say before sentence was imposed. As the court said in *Gannon* v. *People*, 127 Ill. 507, 521, "We are of the opinion, that, while it is a better practice to call upon the defendant to say why he should not be sentenced, yet the omission to do so is no ground for reversal in any case."

Beyond these rather technical objections there is a more serious problem. The crime was committed on January 11, 1947. The record shows that on February 1, 1947, a special grand jury was impaneled, returned this indictment,

and was discharged, and that on the same day the defendant was arraigned, pleaded guilty, and was convicted and sentenced. Speedy administration of justice is desirable, but the desire for speed must not be allowed to impinge upon the constitutional requirement of a fair opportunity to defend.

We have carefully considered the decision of the Supreme Court of the United States in *De Meerleer* v. *Michigan*, 329 U.S. 663, as well as other cases in which accelerated judicial proceedings were measured against the standard of due process. The *De Meerleer case* resembles this one in that the case progressed from information to judgment and sentence in a single day. But it differs in that in the *De Meerleer case* the assistance of counsel was not offered to the defendant, nor was he apprised of the consequences of his plea. While we do not approve of the hurried procedure here employed, we can not say as a matter of law that it operated to deprive the defendant of due process of law.

The judgment of the circuit court of Johnson County is affirmed.

*Judgment affirmed.*