(No. 34922.—

The People of the State of Illinois, Defendant in Error, *vs.* Neil Wakeland, Plaintiff in Error.

*Opinion filed November 26, 1958.*

Dowell & Dowell, and N. Y. Dowell, all of Mt. Vernon, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Lawrence J. Starman, State's Attorney, of Mt. Vernon, (Fred G. Leach, and William H. South, of counsel,) for the People.

Mr. Justice Davis delivered the opinion of the court:

The defendant, Neil Wakeland, entered a plea of guilty to an indictment charging him with the crime of burglary and was sentenced by the court to confinement in the penitentiary for a term of not less than three nor more than five years. Thereafter he filed a motion to vacate the judgment and for leave to withdraw his plea of guilty and enter a plea of not guilty. The court heard and denied the motion and defendant prosecutes this writ of error to reverse the conviction. The errors assigned are that the trial court abused its discretion in denying the motion; that it erred in failing to examine witnesses and hear evidence in aggravation and mitigation of the offense; and that the judgment is contrary to law.

The record shows that defendant was arrested on Saturday, February 8, 1958, and placed in the county jail. On Monday, February 10, 1958, the indictment charging burglary was returned by the grand jury and on the same day he was brought into court for arraignment. He advised the court that he was unable to employ counsel, whereupon, with his consent, the court appointed the public defender to represent him. After being furnished with a copy of the indictment, a list of jurors and witnesses, and a copy of his signed confession, he retired to confer with his attorney. Later the same day, he again appeared in court

with counsel at which time he signed a waiver of jury and written plea of guilty. Before accepting his plea of guilty, the trial judge questioned him at length concerning his understanding of the nature of the charge against him, the possible penalty which might be imposed, his right to enter a plea of not guilty and his right to a jury trial. By his answers defendant indicated that he had a clear understanding of the nature of the charge, the penalty attached and his right to a jury trial. He told the court that his attorney had also explained all of these matters to him. The trial judge asked defendant whether he had been mistreated or intimidated and defendant replied: "No, sir." The court then asked: "Have you been made any promise of immunity from prosecution, or any promise of probation, or any promise whatsoever by anyone in order to get you to enter a plea of guilty?" Again defendant said, "No, sir." The court then indicated that the plea of guilty was accepted and said: "Mr. Wakeland, at this time, with your permission the court will hear statements from the State's Attorney and your attorney as to the facts and circumstances surrounding the offense. Is that satisfactory with you instead of calling in witnesses as to aggravation and mitigation of the offense?" Defendant replied: "Yes, sir."

The State's Attorney then made a complete statement concerning the offense and defendant's prior criminal record. He stopped at intervals and asked the defendant whether the facts related were correct and to these inquiries defendant replied in the affirmative. The statement established that the defendant, though only 19 years of age, had committed other burglaries resulting in his confinement in the State Training School for Boys and later in the Pontiac branch of the Illinois State Penitentiary. At the time of these proceedings he was on parole, had served about 22 months of his sentence, and approximately three years remained. At the conclusion of his statement, the State's Attorney asked the court to impress upon the de-

fendant the fact that he still had the right to withdraw his plea of guilty and have a jury trial. The court so advised the defendant and asked him whether he desired to withdraw his plea. Defendant replied in the negative, indicated that he had nothing to say and knew of no reason why judgment should not be pronounced against him. The court then pronounced sentence and ordered a *mittimus* to issue. Neither at this time nor subsequently did the defendant make a motion to stay the *mittimus* or the execution of the judgment.

One week later, on February 17, 1958, defendant filed a motion to vacate the judgment, supported by his affidavit and the affidavits of his aunt and his grandmother. In his affidavit, defendant denied that he committed the crime in question. He further stated that he was held *incommunicado* from the time of his arrest until arraignment; that the officer who arrested him told him that his parole would be revoked and he would be sent back to Pontiac anyway; that it would go easier with him if he would plead guilty; that the State's Attorney also told him that his parole would be revoked; and that the public defender did not tell him that the parole would not be revoked if he was innocent of the charge. The affidavit also stated that the facts in the confession were supplied by the officers and State's Attorney; that he did not know the location of the burglarized premises; and that he had ample funds for his support and had no reason to steal. The affidavits of the aunt and grandmother recited belief in defendant's innocence, narrated portions of his background and recited that they had supplied him with funds for his support. The court heard and denied the motion on March 5, 1958. At the time of the hearing, defendant was incarcerated in the penitentiary, although there is nothing in the record to show the exact date on which he started serving his sentence.

The People contend that the trial court had no jurisdiction to vacate the judgment because the defendant had

commenced serving his sentence at the time the motion was heard; that the court then had no jurisdiction over him; and that it did not abuse its discretion in the matter since it had none. It is well settled that during the period of thirty days following the entry of a judgment of conviction, the court has jurisdiction to correct an error therein, provided judgment remains unexecuted. When a person accused of a crime has been convicted, sentenced and delivered into the custody of the proper officer of the penitentiary under a *mittimus,* the court rendering the judgment and imposing the sentence loses jurisdiction over the case and is without power to vacate, set aside or modify the judgment, (*People* v. *Putnam,* 398 Ill. 421; *People* v. *Hamel,* 392 Ill. 415,) and the filing of a motion to vacate does not have the effect of staying the *mittimus* even though the motion is filed before the defendant is delivered to the penitentiary. (*People ex rel. Swanson* v. *Williams,* 352 Ill. 227.) In this case, as in *Swanson,* no motion for a stay of *mittimus* was filed and defendant was delivered to the penitentiary while the *mittimus* was in full force and effect. The judgment having been executed, the trial court was without power to set it aside and an order to that effect would have been a nullity.

Defendant urges that the trial court erred in failing to call witnesses and conduct a full hearing in aggravation and mitigation of the offense as required by statute. (Ill. Rev. Stat. 1957, chap. 38, par. 732.) We have repeatedly held that the statutory right to such a hearing is personal to the accused, may be, and is waived by failure to request it. (*People* v. *Rummerfield,* 4 Ill.2d 29; *People* v. *Fleming,* 406 Ill. 389; *People* v. *Britton,* 405 Ill. 11.) The 19-year old defendant was above the age in which there is want of criminal capacity, and the fact that he was a minor did not preclude him from waiving such hearing. He was intelligent, understood the import of his plea, the nature of the proceedings against him, and was capable

of making any waiver that an adult might have made in the case. (*People* v. *Crooks,* 326 Ill. 266.) Where criminal capacity exists under the law, a minor must appear and defend in person or by attorney the same as an adult, (*People* v. *Davis,* 396 Ill. 432,) and where an accused fails to request that the court hear witnesses in aggravation or mitigation of the offense, the court may properly use some other method of supplying the needed information, including statements of counsel. (*People* v. *Rummerfield,* 4 Ill.2d 29; *People* v. *Pennington,* 267 Ill. 45.) Defendant does not contend that he requested the hearing of which he now claims he was deprived. The record reflects that he not only failed to request the court to call witnesses, but that he expressly assented to the method of securing information from counsel in lieu thereof as suggested by the court, and orally affirmed the statements of the State's Attorney which recited the facts concerning the crime in question, the recovery of part of the coins which were stolen, defendant's prior conviction of burglary and his present parole. Under these circumstances, the defendant expressly and knowingly waived any rights he may have had under the statute.

In arguing that the judgment of the trial court is contrary to law, defendant stresses the speed with which he was indicted, arraigned and sentenced following his arrest. While he does not contend that he was deprived of any of his constitutional rights, he states that his sentence, less than 40 hours after his arrest, violates accepted methods of procedure and is against the declared public policy of this State. No authorities are cited in support of this argument. The fact that the defendant was brought before a court having jurisdiction to dispose of his case at the earliest opportunity following his arrest does not reflect a violation of his rights. He was arrested on Saturday and due to a fortuitous circumstance—the empanelling of a grand jury in Jefferson County on the following Monday—he was in-

dicted and appeared before the trial court on that date. The court appointed counsel on his behalf, who conferred with him before the entry of plea. The fact that defendant was indicted, arraigned, entered plea and was sentenced on the same day the *capias* under the indictment was served upon him affords no basis for disturbing the judgment of the trial court. (*People* v. *Shrum,* 12 Ill.2d 261; *People* v. *Davis,* 396 Ill. 432.) The defendant was represented by the public defender at all stages of the proceedings, and they conferred prior to the entry of any plea. There is no suggestion that counsel was incompetent or that he did not fully perform his duties. After the conference, upon interrogation and admonition by the court, the defendant stated that his attorney had fully explained his rights to him.

In his statement to the court in defendant's presence, the State's Attorney mentioned particularly the fact that only a short period of time had elapsed since defendant's arrest. In view of that fact, he asked the court to permit the defendant to withdraw the guilty plea if he desired to do so. The defendant, however, persisted in his plea, even after the court had made such offer. In our opinion the record entirely fails to support the position of defense counsel that there was needless haste in these proceedings. On the contrary, it appears that the court and State's Attorney were proceeding with no greater dispatch than defendant desired. In considering a similar problem in the case of *People* v. *Shrum,* 12 Ill.2d 261, at page 265, we used language which is particularly applicable to the case at bar: "Speedy administration of justice is desirable, but the desire for speed must not be allowed to impinge upon the constitutional requirement of a fair opportunity to defend."

We find no error in this record which would warrant a reversal and the judgment of the circuit court of Jefferson County is affirmed.

*Judgment affirmed.*