People of the State of Illinois, Appellee, v. Harold E. Smith, Appellant.

Gen. No. 49,837.

First District, Third Division.
July 1, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John Gannon, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Harold E. Smith, complains that the trial court sentenced him to the penitentiary without having held a hearing in mitigation, that the court refused to consider his application for probation and that his sentence is excessive.

The defendant was found guilty in a nonjury trial of the larceny of an automobile valued at $250 and was sentenced for a term of from five to ten years in the penitentiary. He does not seek a reversal of his conviction, but asks this court to either reduce his sentence or to remand the case to the trial court for re-sentencing after giving him an opportunity to present evidence in mitigation of his offense.

The defendant and a codefendant were arrested while riding in a stolen automobile four hours after the owner had parked it in front of his house. The arresting officer signaled the car to stop but the car was accelerated in an attempt to get away and then both defendants jumped out and fled. The defendant testified that an acquaintance, whom he had met in a tavern a short time before, agreed to drive him to his destination, gave him the keys to the car and a dollar to get some gas, and that while he was on the way to a gas station he saw and picked up his codefendant.

At the conclusion of the trial the court reviewed the testimony, observed that the defendant told a fanciful story which exculpated his codefendant, found the codefendant not guilty and then said: "I will find Harold Smith guilty because he not only has been proven guilty beyond a reasonable doubt, but because he flagrantly told untruths on the stand. I will punish him very severely."

The defendant's attorney made a motion for a presentence investigation which the court denied. The attorney then made an application for probation which the court also denied, saying: "No probation in this

court for a man who takes the stand and lies the way Harold Smith did." A brief colloquy ensued and the court again commented that the defendant had told an absurd story and had lied in behalf of his codefendant. The court concluded: "There is not much we can do about that, and I agree there isn't sufficient evidence against Conley [the codefendant], but Harold E. Smith should be punished severely and he will be."

After denying the defendant's post-trial motions the court pronounced judgment and asked the prosecutor if he had a recommendation. In response, the prosecutor stated that in 1962 the defendant had been fined for driving while his license was revoked and that there was a "notation" that the defendant was wanted for driving a stolen motor vehicle. The prosecutor recommended a sentence of a minimum of 5 years and a maximum of 10 years. The court accepted the recommendation and imposed the sentence suggested by the State.

█ The sentence imposed by the court was within the limits permitted by the Criminal Code and no error was committed in denying a presentence investigation or in refusing probation. A defendant has neither an inherent nor a statutory right to probation; granting or not granting probation rests in the discretion of the court. The injection by the prosecutor of the prior record of the defendant constituted at least a partial hearing in aggravation. However, nothing took place that can be regarded as a hearing in mitigation. Under these facts and the first point raised in this appeal two questions must be resolved: (1) did the court err in not holding a hearing in mitigation and (2) should a request for a presentence investigation be equated with a request for a mitigation hearing?

Section 1–7(e) of the Illinois Criminal Code (Ill Rev Stats 1963, c 38, par 1–7) states in part:

"All sentences to the penitentiary shall be for an indeterminate term. The court in imposing a sentence of imprisonment in the penitentiary shall determine the minimum and maximum limits of imprisonment."

Subsection (g) of the same statute provides:

"For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

Section 1–7(g) appears to be mandatory and it has been held that the words "the court . . . shall also hear and receive evidence, if any," make it necessary for the trial court to obtain information about the defendant in all cases. People v. Evrard, 55 Ill App2d 270, 204 NE2d 777.

The language of section 1–7(g) while mandatory in form is no more so than the words "it shall be the duty of the court to hear evidence" which were in the Criminal Code prior to 1962. The former code provided:

"In all cases where the court possesses any discretion as to the extent of the punishment, whether defendant has pleaded 'guilty' or 'not guilty,' after conviction, it shall be the duty of the court to hear evidence as to aggravation and mitigation of the offense." Ill Rev Stats, 1957, ch 38, par 732 (as amended in 1953); Illinois Criminal Code, Division XIII, sec 4.

The Supreme Court consistently interpreted this statute to mean that it was mandatory for the court to hear evidence as to aggravation and mitigation of the offense if such a request was made by the State or defendant, but not otherwise. In People v. Pennington, 267 Ill 45, 107 NE 871 (1915) the court said:

"This is a privilege which may be waived by the parties and some other method of supplying the court with the necessary information be substituted in its stead."

The court said in People v. Throop, 359 Ill 354, 194 NE 553 (1935):

"The record does not disclose that either the State's attorney or the defendant requested the trial court to examine any witnesses in the matter of mitigation or aggravation before passing sentence. In the absence of such showing the presumption is that the defendant waived any hearing on the subject of mitigation."

See also: People v. Childers, 386 Ill 312, 53 NE2d 878 (1944); People v. Evans, 397 Ill 430, 74 NE2d 708 (1947); People v. Britton, 405 Ill 11, 90 NE2d 77 (1950); People v. Fleming, 406 Ill 389, 94 NE2d 358 (1950). The same interpretation was made in People v. Wakeland, 15 Ill2d 265, 154 NE2d 245 (1958):

"Defendant urges that the trial court erred in failing to call witnesses and conduct a full hearing in aggravation and mitigation of the offense as required by statute. (Ill Rev Stats, 1957, ch 38, par 732.) We have repeatedly held that the statutory right to such a hearing is personal to the accused, may be, and is waived by the failure to request it."

This interpretation of the statute places the burden for the hearing where it properly belongs: upon the party who has evidence to present. We see no solid reason why section 1–7(g) of the new statute should be given a different interpretation or why the burden of seeing that there is a mitigation hearing should be shifted from the defendant to the court. If the defendant has been of good moral character and his past life free of guilt, or if there are extenuating circumstances, family history, educational, health or occupational background which might favorably affect the punishment about to be imposed, the defendant should be eager to make this known to the trial court.

 The reason that has been given for not following the rule firmly established by the cases cited above is that under the Code of Criminal Procedure which became effective January 1, 1964, (Ill Rev Stats, 1963, ch 38, sec 121–9) a reviewing court now has the power to reduce sentences and that the proper exercise of this power requires that the reviewing court have information about the defendant. (People v. Evrard, supra.) Adequate information about the defendant is of help to a court of review when a request is made for a reduction of sentence, but the power to reduce sentences benefits only the defendant and the information should be supplied by the defendant. If a defendant has a clean record and a good reputation and if there are circumstances which mitigate or explain his involvement in the crime for which he stands convicted, he has the privilege to bring these factors to the attention of the trial court and, through the record, to the reviewing court if an appeal is taken. It should not be the responsibility of the trial court to initiate the inquiry or to insert material into the record so that a defendant may possibly benefit from it on appeal. The obligation to preserve matters in

the record which are relied upon to reverse a judgment should remain with the party who seeks the reversal. The 1963 Code of Criminal Procedure has made significant changes in the law but not all of the changes are such that the guideposts provided by earlier decisions need be abandoned.

 The purpose of section 1–7(g) is to require the trial court, when so requested, to receive evidence about the defendant's life and record before pronouncing sentence upon him. The statute should be liberally applied and any motion or clear suggestion by the defendant pointing to this end should be regarded as a request that the court consider these factors before determining the defendant's punishment. There is no particular formula for making the request. The phrase "a hearing in mitigation" is not essential. The State rarely overlooks the opportunity of bringing out a defendant's criminal record and the defendant should be given an equal opportunity to produce evidence beneficial to himself. If after a finding of guilty, the defendant does not ask for a hearing in mitigation but does ask for a presentence investigation, we think that the latter should be regarded as equivalent to the former. A request for an investigation presupposes the defendant's belief that the information forthcoming from the investigation may tend to mitigate the penalty he will receive. There is no obligation upon the court to order a presentence investigation but if it does not, when asked to do so, it should conduct a mitigation hearing and thereby give the defendant an opportunity to make known the things favorable to himself which he believes the investigation would have brought forth.

 In the present case there was no evidence during the trial which would have made a mitigation

hearing superfluous, and inasmuch as the motion for a presentence investigation was denied we believe the court should have asked the defendant if he had anything to present by way of mitigation. The court upon completion of the case announced twice that a severe sentence would be imposed and then pronounced such a sentence without conducting a hearing which possibly might have lessened the penalty the court initially thought proper.

We do not know whether the defendant has evidence to present in mitigation. We assume he has because his alternative prayer is that the cause be remanded for that purpose. But whether he has or not, he is entitled to a hearing and to a sentence which is based on that hearing as well as on the evidence of the case.

The cause will be remanded with directions that the sentence be vacated and the defendant given an opportunity to present whatever evidence he may have in mitigation before his punishment is determined and his sentence pronounced.

Remanded with directions.

SULLIVAN and SCHWARTZ, JJ., concur.