(No. 40525.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM HARDEN, JR., Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

560

GERALD M. PENNER and RONALD H. SILVERMAN, both of Chicago, for appellant.

JOHN J. BRESEE, State's Attorney, of Champaign, for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On a plea of guilty to an information charging the crime of pandering, defendant, William Harden, Jr., was convicted in the circuit court of Champaign County and sentenced to two to five years in the penitentiary. The Appellate Court for the Fourth Judicial District affirmed the conviction, but remanded the cause with directions to reconsider the quantum of the sentence after a further hearing of pertinent facts and circumstances essential to the exercise of a sound judicial discretion. (78 Ill. App. 2d 436.) We granted defendant leave to appeal.

Defendant contends he did not intelligently and understandingly waive his right to counsel, nor his right to be prosecuted by indictment, and further, that he was never adequately advised of the nature and elements of the charged offense and accordingly his plea of guilty was not intelligently and understandingly made.

At the time of trial defendant was 18½ years old. He

was arrested at his home on March 31, 1965, on a complaint charging he knowingly and for money compelled a female to become a prostitute and that he solicited for a prostitute. On the following day he attended a preliminary hearing before a magistrate and it appears from the record that he was furnished with a copy of the complaint, advised of the nature of the offense, the penalty, his right to trial by jury and his right to counsel. At that time he waived his right to counsel. On April 2nd, he was arraigned before the circuit court on an information charging the offense of pandering in that "he did knowingly for money arrange a situation in which a female * * * practiced prostitution." He was furnished with a copy of the information and on repetition of the charge by the court he stated that he understood it. Likewise, the possible penalties were explained in detail and defendant stated he understood them. He was told that he had a right to an attorney and that if he did not have one or was without funds the court was under a duty to appoint one. To specific questions he replied that he did not have an attorney, did not want one, and did not want the court to appoint one.

He was told that he had an absolute right to have his case presented to the grand jury or that he could waive indictment and consent to prosecution by information. He agreed to waive indictment and signed separate written consents to prosecution by indictment and a waiver of jury. Again repeating each of the rights of defendant the court asked if he was ready to plead. He stated he was, and entered a plea of guilty. Treating the plea as an offer, the court once again explained his right to trial, trial by jury and the possible consequences of his plea, and only then on the persistence of defendant did the court accept his plea of guilty.

From the above recitation it would appear that the court was meticulous in informing defendant of all of his rights, but defendant now contends that in view of his youth and

the speed with which his case was prosecuted he did not appreciate the significance of his actions and that therefore he did not intelligently and understandingly waive his rights. In effect he argues that a minor cannot waive his constitutional rights unless represented by counsel.

As pointed out in the appellate court opinion, section 111—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, chap. 38, par. 111—2) and our Rule 26(3) (now 401(b)) provide that prosecution by indictment may be waived, provided such waiver is made understandingly, and section 113—5 and our Rule 26(4) require appointment of counsel prior to acceptance of a guilty plea, or waiver of jury or indictment, only where accused is under 18 years of age. Also, we have previously held that where an accused is above the age in which there is a want of criminal capacity he must appear and defend in person or by attorney and, unless there is something in the record to indicate that he was unable to understand or comprehend the import of his plea of guilty, the mere fact that he is a minor does not preclude hi mfrom waiving his rights. (*People* v. *Wakeland,* 15 Ill.2d 265; *People* v. *Davis,* 396 Ill. 432; *People* v. *Batey,* 392 Ill. 390.) We see no reason to change this rule, for once an accused has been adequately advised of his right to counsel and has understandingly waived that right there is no constitutional duty to force a lawyer upon him. *People* v. *Bush,* 32 Ill.2d 484.

Nor does the fact that defendant was brought before a court having jurisdiction to dispose of his case at the earliest opportunity following his arrest reflect a violation of his rights. (*People* v. *Wakeland,* 15 Ill.2d 265.) In fact, it would appear, as stated in the latter case, that the court and State's Attorney here were proceeding with no greater dispatch than defendant apparently desired.

Defendant further contends that the court's explanation of defendant's right to prosecution by indictment was confusing and contradictory in that after informing him he

had an absolute right to prosecution in this way the court qualified it by stating he would not be waiving any of his rights by consenting to prosecution by information. At first blush this is a contradictory statement but it is taken out of context. The court continued to explain and assure defendant that even if prosecuted by information he still had the same rights to a trial, whether by jury or by court whichever he preferred. When the statement is thus read in full it becomes obvious that the court was only offering further assurance that a waiver of indictment did not constitute a waiver of a jury trial, that such waivers were separate and distinct, and it would be difficult indeed to say that it would be otherwise understood by anyone under the circumstances of the court's repeated references to the various rights of the defendant.

We do not believe it necessary to consider the other arguments of defendant as to whether he understood and intelligently waived his rights as they have been fully covered by the exhaustive and well considered opinion of the Appellate Court and we agree with and adopt the reasoning and conclusions therein stated.

We also agree that though the conviction is affirmed the sentence should be vacated and the cause remanded for resentencing after a hearing of such facts and circumstances as are essential to the exercise of a sound judicial discretion in the imposition of a proper sentence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*