(No. 41800-04 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
GARY K. RICHARDSON, Appellant.

*Opinion filed November 26, 1969.*

C. M. GLOSSER, of Rochelle, for appellant.

JAMES E. BOYLE, State's Attorney, of Sycamore,
(JAMES D. O'GRADY, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

Defendant, Gary K. Richardson, 18-years-of-age, was arrested following a police chase at about 1 :00 A.M., June 21, 1968. Five charges were placed against him and he appeared before a magistrate at 2 :00 P.M. that day, pleaded guilty to the consolidated charges and was sentenced to 30 days on each offense to be served concurrently. Thereafter, defendant engaged counsel, filed a motion for "new trial" which was denied and he now brings direct appeal alleging violation of certain constitutional rights.

The records in these cases disclose that defendant was charged with theft (of a county road sign found in his car) in violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 16—1) ; accepting liquor as a minor in violation of section 13a of article VI of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43, par. 134(a)) ; reckless driving (Ill. Rev. Stat. 1967, ch. 95½, par. 145) ; transportation of an open liquor container (Ill. Rev. Stat. 1967, ch. 95½, par. 144.2) ; and fleeing or attempting to elude a police officer. Ill. Rev. Stat. 1967, ch. 95½, par. 119.1.

Defendant's motion prayed "for the entry of an order setting aside the verdict of the court * * * and granting defendant new trial" because his rights to be advised by counsel and to due process of law under the fifth, sixth and fourteenth amendments to the United States constitution were violated. He contended that being a minor he could not be constitutionally sentenced without legal representation. Affirmatively he alleged that he had been involved in an automobile accident, suffered severe head injuries, was interrogated for several hours, and then sentenced without being allowed to procure medical aid. He further alleged that he was advised by the "Sheriff's department of DeKalb County" that if he pleaded guilty he would receive only a fine.

The State's answer denied violation of any constitutional

rights; admitted defendant was involved in an accident in his attempt to elude the police; but denied that he suffered any severe injuries or was denied medical attention, was interrogated for several hours or received any "Sheriff's department advice." The answer further alleged that the defendant having been properly advised, admonished and interrogated as to right to counsel, trial by jury, the nature of the charges and the consequences of his plea of guilty to each of the charges, in the presence of his parents, waived his rights to counsel, trial by jury and entered a plea of guilty. Thereafter the magistrate heard testimony in aggravation and mitigation and entered sentence. Defendant having introduced no evidence in support of his allegations, the motion was denied. This appeal followed.

In this court defendant assigns as error: (1) that no verbatim transcript was made of the proceedings before the magistrate when he entered his plea of guilty; (2) that he, a minor, could not voluntarily plead guilty without representation of counsel; (3) that he was not allowed sufficient time to deliberate his plea; and (4) that he should have been placed on probation.

By statute (Ill. Rev. Stat. 1967, ch. 37, par. 163f 1,) and Supreme Court Rule 401(b), (36 Ill.2d 167) the taking of a verbatim transcript of the court's admonition and the plea of guilty is required only when a person is accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary. These charges for disposition before a magistrate could not subject the defendant to imprisonment in the penitentiary and therefore no verbatim transcript was required.

Defendant claims that, having received severe injuries and being deprived of adequate medical attention, he was, in effect, coerced into pleading guilty. The burden of proving these allegations was upon the defendant and, there being no evidence in support thereof, the court properly held

the pleas to be valid. (*People* v. *Walston,* 38 Ill.2d 39.) Accordingly, we find his claim without merit.

Defendant's next contention is that because he was under legal age he could not waive his constitutional rights unless represented by counsel. In *People* v. *Harden,* 38 Ill.2d 559, an 18½-year-old minor charged with a felony waived his rights and pleaded guilty without assistance of counsel. In affirming the conviction we held at p. 562 that "* * * where an accused is above the age in which there is a want of criminal capacity he must appear and defend in person or by attorney and, unless there is something in the record to indicate that he was unable to understand or comprehend the import of his plea of guilty, the mere fact that he is a minor does not preclude him from waiving his rights. [Citations.] We see no reason to change this rule, for once an accused has been adequately advised of his right to counsel and has understandingly waived that right there is no constitutional duty to force a lawyer upon him."

Defendant next contends that it was error not to allow him additional time in which to deliberate his plea of guilty. Under the particular facts of this case, we find this argument to be without merit. In *People* v. *Shrum,* 12 Ill.2d 261, 265, the defendant was charged with murder, pleaded guilty and sentenced on the same day. This court held that although it did not approve of the hurried procedure there employed, it could "not say as a matter of law that it operated to deprive the defendant of due process." See also *People* v. *Wakeland,* 15 Ill.2d 265, which involved a 19-year-old minor charged with a felony.

Finally, defendant contends that the sentence imposed was too severe and that he should have been placed on probation. This court has consistently held that "Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it

clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense." (*People* v. *Smith,* 14 Ill.2d 95, 97; *People* v. *Taylor,* 33 Ill.2d 417, 424.) And, although by our rules reviewing courts have authority to reduce sentences imposed by trial courts, "* * * such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." (33 Ill.2d at 424.) In the instant case, the hearing in aggravation and mitigation covered fully the facts leading up to defendant's arrest, and we cannot say upon review that the court's sentences were inappropriate.

The judgment of the circuit court of DeKalb County is affirmed.

*Judgment affirmed.*