THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. WILLIAM JOHNSON, Petitioner-Appellant.

(No. 56909;

First District (5th Division)—January 18, 1974.

Paul Bradley, Deputy Defender, of Chicago (James R. Streicker, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman and Douglas Cannon, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from the dismissal of his petition for post-conviction relief contending that (1) appointed counsel's failure to amend his *pro se* petition into the appropriate legal form constituted a denial of his right to effective assistance of counsel, and (2) counsel's failure to notify defendant that he would inform the court that his petition was without merit denied him due process of law.

Defendant was indicted for the offenses of unlawful sale of narcotics and unlawful possession of narcotics. The charge of unlawful sale of narcotics was reduced to unlawful possession, and defendant pleaded guilty to the two charges of unlawful possession. He was sentenced to concurrent terms of from five to eight years. On June 12, 1971, he filed a sworn *pro se* post-conviction petition alleging that he had been inadequately apprised of the consequences of his guilty pleas; that the trial court did not adequately ascertain whether his guilty pleas had been "voluntarily and understandingly made," and that his guilty pleas were made as a result of promises made by the prosecutor and his attorney at trial which were never fulfilled. No affidavits were filed in support of this petition. The State filed no answer but moved to dismiss defendant's petition. A public defender was appointed to represent defendant. At the hearing defense counsel stated that he had read the transcript of defendant's change of plea hearing and had had defendant complete a questionnaire concerning his post-conviction contentions. In addition, he had interviewed defendant's trial counsel. On the basis of this investigation counsel represented to the court that he felt the only issue raised

by defendant that was of "constitutional magnitude would be the fact there was a reneging on the deal made [between the prosecutor and defendant's trial counsel]." He noted, however, that defendant in his *pro se* petition claimed that he had been promised two years to two years and a day while in answer to the questionnaire to his attorney he claimed the promise had been for a term of from five to six years. Defense counsel did not amend defendant's *pro se* petition.

Following argument by the prosecutor the court granted the State's motion to dismiss the petition.

OPINION

Defendant first contends that he was afforded ineffective representation due to the failure of appointed counsel to amend his *pro se* petition.

■■ An attorney appointed to represent an indigent petitioner in a post-conviction proceeding should consult with the petitioner either in person or by mail, ascertain the petitioner's alleged grievances, examine the record for the proceedings at trial and then amend the petition that had been filed *pro se* so that it adequately presents the petitioner's constitutional contentions. (*People v. Slaughter,* 39 Ill.2d 278, 235 N.E.2d 566; see also Supreme Court Rule 651(c), Ill. Rev. Stat. 1971, ch. 110A, par. 651(c).) Our Supreme Court has held, however, that where a petitioner's complaint lacks sufficient factual basis, the failure of appointed counsel to amend a *pro se* petition will not constitute deprivation of adequate representation. (*People v. Stovall,* 47 Ill.2d 42, 264 N.E.2d 174, *cert. denied* 402 U.S. 997.) In the case at bar counsel, pursuant to the standards prescribed by *Slaughter* and Rule 651(c), familiarized himself with the record of defendant's change of plea hearing, communicated with defendant by mail and, in addition, interviewed defendant's trial counsel. It was on the basis of this investigation that counsel concluded there was no evidence to support the claims that defendant had not been apprised of the consequences of his guilty pleas and that the pleas had not been voluntarily and understandingly given. No showing of the existence of specific identifiable facts has been made that would indicate that counsel's conclusion was either erroneous or the product of neglect. We cannot then charge counsel with incompetence merely because he chose not to amend a *pro se* petition containing allegations that were utterly without substance. *Stovall; People v. Wollenberg,* 9 Ill.App.3d 1028, 293 N.E.2d 728.

■■ It is further asserted that counsel's failure to notify defendant that he would inform the court that allegations contained in defendant's *pro se* petition were without merit constitutes a deprivation of his right to due process of law. Defendant, while not relying directly on *Anders v. California,* 386 U.S. 738, urges us to adopt the rule of that case for post-

conviction proceedings. This issue was recently resolved in *People v. Townsel*, 14 Ill.App.3d 105, 302 N.E.2d 213, wherein it was held that Supreme Court Rule 651 established the requirements of advocacy for counsel appointed to represent post-conviction petitioners. It was noted that the rule contains no provision for advance notification to a petitioner in cases where counsel decides that the petitioner's allegations are without merit. As we have stated above, it is our finding that counsel has in the instant case satisfied the requirements of *Slaughter* and the Supreme Court Rule and by so doing completely met his obligation to provide defendant with adequate representation. *People v. Barnes*, 14 Ill.App.3d 989, published in abstract; *Townsel*.

■■ In examining the record of this case we are, however, constrained to find that defendant was entitled to an evidentiary hearing on the contention raised in his petition that the sentence he received was greater than that promised by his trial counsel and by the State's attorney. Defendant alleged in his petition that he had been promised a sentence of two years to two years and a day. Counsel in his representation to the court at the hearing on the State's motion to dismiss the petition stated that he had been informed by defendant that a sentence of from five to six years had been promised. No affidavit in support of either claim had been submitted. The sentence actually imposed was from five to eight years. In *People v. Williams*, 47 Ill.2d 1, 264 N.E.2d 697, our Supreme Court held that it was error to dismiss a petition raising an allegation of this nature despite the absence of supporting affidavits without an evidentiary hearing. Although defendant has made conflicting claims concerning the sentence he had been promised, the sentence imposed was greater than either of those he claims and we must, therefore, under the *Williams* rule, order an evidentiary hearing on this matter.

The judgment dismissing defendant's petition for post-conviction relief is reversed and the cause remanded for a hearing solely on the issue of whether a promise of a lesser sentence had been made to defendant.

Reversed in part and remanded with directions.

SULLIVAN, P. J., and LORENZ, J., concur.