THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE WALKER, Defendant-Appellant.

(No. 59024;

First District (4th Division)—July 24, 1974.

Paul Bradley, of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant was indicted on June 5, 1972, for the offense of armed robbery. On January 4, 1973, he withdrew his plea of not guilty and entered a plea of guilty to the charge of armed robbery. After accepting his plea, the court sentenced him to a term of not less than 4 years nor more than 4 years and 1 day.

The sole issue presented in this appeal is whether the trial court, in accepting defendant's guilty plea, complied with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402).

At the proceedings on the plea, defendant's attorney represented to the court, in the presence of the defendant, that Walker wished to change his plea to the charge of armed robbery from not guilty to guilty. The defendant indicated to the trial judge that the statement made by his counsel was correct. Defendant indicated, further, that he was aware of the penalty to which he may be subjected and that no other agreements or threats had induced him to plead guilty.

At this point, the following colloquy occurred:

> THE COURT: Now you realize when you do plead guilty you automatically give up your right to a trial by jury. And you know what a jury trial is, 12 people listen to the witnesses that confront you in open court and listen to all of the evidence and the law and then decide whether you are guilty or innocent.
>
> DEFENDANT: Yes.
>
> THE COURT: And you want to give up that right?
>
> DEFENDANT: Yes.

The People and defendant's counsel then stipulated the facts upon which the charge was based. Following a recitation of those facts, defendant stated that he was pleading guilty to the charge of armed robbery because he was in fact guilty of that crime.

On appeal, defendant argues that the trial judge failed to comply with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402) in accepting his guilty plea. He contends that the trial court erred in failing to advise him of the nature of the charge against

him, his right to persist in the plea of not guilty, and that he waived the right to a trial of any kind by pleading guilty.

■■ Supreme Court Rule 402 itself states that *substantial compliance* with its terms is necessary in hearings on guilty pleas. Substantial compliance requires that the defendant be informed of his rights and the consequences of his plea so that it is knowingly and intelligently made. (*People v. Shepard* (1973), 10 Ill.App.3d 739, 295 N.E.2d 310; *People v. Anderson* (1973), 10 Ill.App.3d 558, 294 N.E.2d 763; *People v. Mendoza* (1971), 48 Ill.2d 371, 270 N.E.2d 30.) In reviewing the admonitions of the trial court to the defendant, a common-sense approach must be taken to determine whether there has been substantial compliance with the provisions of the rule. *People v. Tennyson* (1972), 9 Ill.App.3d 329, 292 N.E.2d 223; *People v. Reed* (1971), 3 Ill.App.3d 293, 278 N.E.2d 524.

Our examination of the record shows that the trial judge went to great lengths to insure that the defendant was aware of the consequences of his plea of guilty to armed robbery and that the plea was voluntary. The rule that a defendant understand the nature of the charge against him does not require the court to recite all the facts which constitute an offense. It is sufficient for the court to state to the accused the essence or general character of the offense. *People v. Wright* (1971), 2 Ill.App.3d 304, 275 N.E.2d 735; *People v. Harden* (1966), 78 Ill.App.2d 431, 222 N.E.2d 693, *aff'd* (1967), 38 Ill.2d 559, 232 N.E.2d 725.

In *People v. Anderson* (1973), 10 Ill.App.3d 558, 294 N.E.2d 763, the defendant was held to have been properly admonished pursuant to Supreme Court Rule 402 despite the failure of the trial court to admonish him of his right to persist in the plea of not guilty, his right to confront the witnesses against him, and his right against self-incrimination.

The record in the case at bar shows that the trial judge informed the defendant of the charge, advised him of his right to a jury trial and ascertained that he knowingly waived the jury. The court also advised defendant of the minimum and maximum sentence under his plea of guilty and, through the stipulation of facts, ascertained that there was a factual basis for the plea.

■■ In our opinion, the proceedings at the hearing were in substantial compliance with Supreme Court Rule 402. (Ill. Rev. Stat. 1971, ch. 110A, § 402.) Accordingly, the judgment of the trial court is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.