THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JAMES MOEHLMAN, Petitioner-Appellant.

(No. 60545; ▇▇▇▇▇▇▇▇

First District (4th Division)—July 23, 1975.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

James Moehlman, the petitioner, entered a plea of guilty on June 20, 1972, to the charge of voluntary manslaughter and was sentenced to a term of 8 to 20 years in the Illinois State Penitentiary. Although no direct appeal was taken, petitioner, in May 1973, filed a pro se post-conviction petition alleging that his sentence was excessive. The public defender of Cook County was appointed to represent him in the post-conviction proceedings on June 21, 1973, and on October 23, 1973, William O'Neal, assistant public defender, filed a certificate indicating his compliance with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, § 651(c)). O'Neal stated in the certificate that petitioner had been consulted by mail and visited on July 6, 1973; that he had examined the record of the proceedings at trial; and that he had thoroughly studied petitioner's pro se petition and all possible claims that could be raised under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch.

38, § 122—1 *et seq.*) had been fully and adequately presented. Then, on November 13, 1973, a hearing was held on the respondent's motion to dismiss petitioner's post-conviction petition. The assistant public defender stated at the hearing that he did not supplement or amend the petitioner's petition, even though it was not in regular form, because he did not discover any violations of the Supreme Court Rules and petitioner's primary interest was in reducing his sentence.

The trial court sustained respondent's motion to dismiss the post-conviction petition, so petitioner appeals and raises the following issue for review: Whether petitioner was denied effective assistance of counsel during post-conviction proceedings in the court below, when the appointed counsel failed to amend petitioner's pro se petition.

In the instant case, the petitioner contends that he was denied effective assistance of counsel because his appointed attorney failed to amend his pro se petition by including the allegation that his guilty plea was neither understandingly, nor voluntarily entered because he was not apprised of the elements of the offense of voluntary manslaughter. An examination of the record of the post-conviction proceedings which has been filed in this court demonstrates that it does meet the requirements specifically delineated in Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, § 651(c)). Rule 651(c) provides in pertinent part:

> "The record [of the post-conviction proceedings] filed in that court [on appeal] shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions."

The efficacy of the statute is dependent upon the ability of the attorney to effectuate its purpose by examining the pro se complaint and amending it so that it is in the proper legal form. *People v. Slaughter* (1968), 39 Ill.2d 278, 285, 235 N.E.2d 566.

■■ In *People v. Stovall* (1970), 47 Ill.2d 42, 264 N.E.2d 174, *cert. denied* (1971), 402 U.S. 997, a case where the petitioner appealed from the dismissal of his post-conviction petition and alleged that the attorney who presented his petition was incompetent, the court held:

> "Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief." (47 Ill.2d 42, 46.)

*Stovall* relies on *People v. Smith* (1968), 40 Ill.2d 562, 241 N.E.2d 413, where the supreme court failed to find inadequate representation of counsel because of the attorney's failure to amend the petitioner's pro se petition. In *Smith* the court states:

> "While appellate counsel asserts defendant's representation in the post-conviction hearing was inadequate in that leave to amend the petition should have been sought, no motion for leave to amend was there made nor does there appear any reason to believe the petition could have been successfully amended." (40 Ill.2d 562, 564.)

In this case counsel, pursuant to the standards prescribed in Rule 651(c), filed a certificate that states that he consulted with petitioner by mail and in person; that he examined the record of the proceedings at trial, and thoroughly studied petitioner's pro se petition which he feels adequately presents all possible claims. After the preceding investigation, counsel concluded that there was no evidence to support defendant's claims and he decided not to amend or change the petition. There is no showing here of the existence of specific facts that would indicate that counsel's conclusion was erroneous or the product of neglect. Consequently, he will not charge counsel with incompetence merely because he chose not to amend the pro se petition containing allegations that were without substance. See *People v. Johnson* (1974), 17 Ill.App.3d 277, 308 N.E.2d 31.

In this case, however, petitioner contends that the transcript of the proceedings, at which he entered his plea of guilty, strongly suggests that the pro se petition does not fully and adequately present all claims cognizable under the Post-Conviction Hearing Act. Petitioner further contends that a guilty plea is an admission of all of the elements of a charge and, as such, it cannot be truly voluntary unless the defendant understands the law in relation to the facts. It is argued that since the court merely referred to the offense, voluntary manslaughter, by name and failed to explain its elements, the petitioner could not have understandingly and voluntarily entered his plea. Petitioner's argument is interesting, but this court has approved the practice complained about in this case. (*People v. Walker* (1974), 21 Ill.App.3d 759, 316 N.E.2d 138; *People v. Wright* (1971), 2 Ill.App.3d 304, 275 N.E.2d 735.) In *Walker* this court states:

> "The rule that a defendant understand the nature of the charge against him does not require the court to recite all the facts which constitute an offense. It is sufficient for the court to state to the accused the essence or general character of the offense." 21 Ill.App.3d 759, 761.

Moreover, in *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559, our supreme court approved the practice of merely stating the name of the offense, when it is coupled with a reading of the testimony of prospective prosecution witnesses. In *Krantz* the court, quoting from *People v. Mims* (1969), 42 Ill.2d 441, 248 N.E.2d 92, states:

" 'The recital of the anticipated testimony of the witnesses for the prosecution in the presence of the defendant and his attorneys without protest and indeed with acquiescence, demonstrates to our satisfaction that the defendant's conduct falls within the charge to which he pleaded guilty * * *.' [Citation.]" 58 Ill.2d 187, 193.

In the case under review the defendant and his attorney stipulated to the testimony of the prospective prosecution witness. The reading of the testimony of the prospective witness was evidence which specifically delineated the criminal conduct of Moehlman, and was evidence which petitioner failed to deny or refute.

Appellant contends that his plea was not knowingly and intelligently made as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. In *Boykin* Mr. Justice Douglas, writing for the majority, said:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 U.S. 1. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 U.S. 145. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 U.S. 400. We cannot presume a waiver of these three important federal rights from a *silent record.*" (Emphasis added.) 395 U.S. 238, 243, 23 L.Ed.2d 274, 279-80.

In the case at bar, the record is not silent. The trial judge meticulously inquired of the defendant personally concerning the rights protected by *Boykin.* After reviewing the record, we hold that the plea of guilty to voluntary manslaughter was knowingly and intelligently made and that the submission of the pro se post-conviction petition without change or amendment did not constitute inadequate representation of counsel.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.