(No. 42815.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES W. STOVALL, Appellant.

*Opinion filed November 17, 1970.*

Morton Zwick, Director of Defender Project, of Chicago, (Bruce Stratton and Theodore A. Gottfried, of counsel,) appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Macon County, which, after an evidentiary hearing, denied the petition filed by the petitioner, James W. Stovall, under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 *et seq.*

On July 15, 1966, a jury in the circuit court of Macon County found the petitioner guilty of murder and the petitioner was sentenced to a term of 30 to 60 years in the penitentiary. The appellate court affirmed the judgment of conviction. (*People* v. *Hexum,* 83 Ill. App. 2d 192.) Thereafter, acting *pro se,* the petitioner filed a petition seeking

relief under the Post-Conviction Hearing Act and requesting the appointment of counsel. The *pro se* petition complained that the petitioner's appointed trial counsel had been incompetent in failing to object to certain evidence, in refusing to withdraw upon the petitioner's request, and in failing to move for a mistrial. It charged, too, that the trial court had erred in admitting prejudicial and inflammatory testimony; that the State had deliberately used perjured testimony; and that prejudicial pretrial publicity had denied the petitioner a fair trial.

Counsel for the petitioner was appointed by the trial court and an amended petition was filed in his behalf. The record shows that prior to filing the amended petition counsel had conferred with the petitioner regarding his contentions of constitutional violations. The amended petition charged, *inter alia,* (a) that the petitioner's appointed trial counsel had been incompetent; and (b) that certain prejudicial pretrial publicity prevented the petitioner from receiving a fair trial. An affidavit of the petitioner was attached to the amended petition. This alleged the incompetency of the trial counsel in failing to object to certain undescribed evidence and in refusing to withdraw from the case upon the petitioner's request.

Although the trial court expressed doubt as to the sufficiency of the amended petition, it permitted it to stand and ruled that the State's motion to dismiss should stand as an answer. The only witness presented at the hearing on the petition was the petitioner's mother. She testified that she was present at a pretrial conference between her son and his trial attorney. She said that when the attorney recommended that the petitioner plead guilty in the hope of receiving a light sentence, the petitioner demanded that the attorney withdraw from the case. The trial record does not show that the petitioner made such a request in court. The mother also testified that prior to trial she had read a described fictionalized magazine article, which was alleged to

have prejudiced her son's opportunity for a fair trial. The mother knew a man who was a juror at the trial, but she did not testify that the juror had read the article. She said only that she knew that a woman who lived in the community, apparently not a juror, had read the article. The magazine article was admitted into evidence over the State's objection.

The trial court denied the post-conviction petition and in its order said that the evidence did not support the claims of a denial of constitutional rights. Specifically, the court found that the evidence did not support the charge that counsel had been incompetent or that the pretrial publicity complained of had in any way affected the verdict of the jury, which had been sequestered during the trial.

Here, the petitioner first argues that he was incompetently represented by the attorney who presented his petition for post-conviction relief. The responsibilities which attend an appointment to represent a petitioner in a post-conviction proceeding were described in *People* v. *Slaughter,* 39 Ill.2d 278. There we observed (p. 285) that "the statute contemplated that the attorney appointed * * * would consult with him [the petitioner] either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute cannot perform its function unless the attorney * * * ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." The petitioner contends that his representation in the post-conviction proceeding was inadequate in that counsel failed to examine the record of proceedings at the original trial, did not submit affidavits to support the petition, and amended the *pro se* petition improperly.

The charge that the attorney did not examine the record of the proceedings at trial is overcome by the record of

proceedings on the amended petition. That record discloses several discussions concerning the contents of the trial record between the judge and counsel as well as references by counsel to certain portions of the trial record in an attempt to support the petitioner's contention that his trial attorney had been incompetent. Too, the post-conviction record shows conferences between counsel and the petitioner concerning his charges. That counsel had examined the trial record is reasonably indicated by the attorney's request that the record at trial be incorporated in the amended petition.

Regarding the charge that counsel failed to submit affidavits to support the allegations of constitutional deprivations in the petition, there is no showing of the existence of any facts or evidence on which such affidavits could have been founded. Absent a showing of available material for supporting affidavits, a failure to present affidavits obviously cannot be considered a neglect by the attorney.

The same reply must be made to the complaint of the manner in which the *pro se* petition was amended by the attorney. The petitioner's real complaint is not the form of the amendment, but that it lacked sufficient substance. Counsel is, of course, not under any obligation to fabricate claims of constitutional deprivation. We remarked in *People* v. *Ashley,* 34 Ill.2d 402, 412, "We cannot now assume the absence of evidence at the * * * hearing is due solely to lack of investigation by counsel. The basic difficulty, however, is the absence of any showing that specific, identifiable evidence exists, and certainly we cannot charge counsel with incompetency for failure to introduce evidence not shown to be existing and available." Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief. *Cf. People* v. *Smith,* 40 Ill.2d 562; *People* v. *Gendron,* 41 Ill.2d 518.

It is next said that the court erred in not ordering a new trial because of prejudicial pretrial publicity. In a post-conviction hearing the burden of proof is upon the petitioner to show a denial of constitutional right by a preponderance of the evidence. (*People* v. *Moore*, 42 Ill.2d 73, 80.) Here, even if one were to assume the prejudicial character of the magazine article, there was no evidence to show any juror was exposed to the materials. There was simply no proof that the petitioner's trial was affected by the article.

The argument that the court erred in not having the petitioner in court for the post-conviction hearing does not persuade. Whether a petitioner should be present at the hearing is a question entrusted to the sound discretion of the hearing judge. (Ill. Rev. Stat. 1969, ch. 38, par. 122—6.) Unless there is a clear showing of prejudice the judge's determination will not be upset on appeal. (*People* v. *Ashley*, 34 Ill.2d 402.) We find no prejudice because the petitioner did not attend the hearing.

For the reasons given, the judgment of the circuit court of Macon County is affirmed.

*Judgment affirmed.*