The People of the State of Illinois, Plaintiff-Appellee, *v.* Terry Ramme, Defendant-Appellant.

(No. 71—218; 

Third District—March 21, 1972.

Frederick W. Irion, of Ottawa, for appellant.

John David Swanzig, State's Attorney, of Ottawa, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This cause involves an appeal from an order of the Circuit Court of La Salle County denying the post-conviction petition of Terry Ramme which was filed pursuant to par. 122 of ch. 38 of the Illinois Revised Statutes. The cause was filed in the Supreme Court of this State and transferred to this Court for disposition.

It appears from the record that Terry Ramme was arrested in Livingston County on a warrant issued from La Salle County. He was delivered to the La Salle County Sheriff's Office without having been taken before a Judge in Livingston County. He was indicted with a co-defendant and charged with the theft of a television set in one count and with burglary in another count. He posted bond and was released from custody. Defendant retained a private attorney of his own choice to defend him.

On December 5, 1969, pursuant to plea bargaining and negotiation between the State's Attorney and attorney for defendant, defendant pleaded guilty to the charge of burglary. The charge of theft was *nolle prossed*. Defendant was sentenced to imprisonment for not less than 2 nor more than 7 years in accordance with the plea bargaining arrangement.

On July 7, 1970, defendant filed a post-conviction petition. Thereafter he supplemented this petition with two amendments. The trial court appointed new counsel to represent him at his request. On December 1, 1970, having determined previously that appellant's personal presence was not necessary to a disposition of his post-conviction petition, on the basis of verified pleadings, the accompanying affidavits, the record of

the trial and the arguments of counsel, the trial court decided that defendant's post-conviction petition should be denied.

On appeal from such denial of his post-conviction petition, appellant asserts several grounds contending that he was deprived of constitutional rights in that (1) his conviction violated Article 109 of ch. 38 of Illinois Revised Statutes (par. 109—2) since he was not taken following his arrest to the nearest judge in Livingston County, and (2) the court refused to allow him personally to appear at his post-conviction hearing in violation of his constitutional rights. He requested that his conviction be reversed and that the cause be remanded to allow him to change his plea, or in the alternative, that he be allowed an evidentiary hearing on his post-conviction petition. Defendant's post-conviction petition and the arguments presented on appeal in this Court allege that the attorney for defendant communicated to defendant at the time of plea negotiation that the State's Attorney was intent upon defendant's imprisonment because the State's Attorney knew that defendant was responsible for additional crimes about which the police were bothering the State's Attorney and that unless defendant were to waive a preliminary hearing and plead guilty in exchange for the sentence that actually was imposed, the State's Attorney would seek the imprisonment of appellant for 10 years to life under the so-called Habitual Criminal Act. Defendant asserts that the threats of the State's Attorney coerced him to plead guilty and that his own attorney advised him that his prospects for acquittal were poor and that his prospects for getting probation were nil due to this criminal record, and that unless defendant waived the preliminary hearing and pleaded guilty in accordance with the agreement as to sentence, the defendant would receive a life sentence.

It is asserted that defendant's attorney gave defendant the foregoing advice even though the Habitual Criminal Act had been repealed long prior thereto and even though defendant was not barred by the statute from obtaining probation. Defendant also asserts that the entire proceedings were conducted amidst disorganization and confusion which could have caused defendant and his wife to become more than reasonably fearful, and that defendant's wife in that atmosphere emotionally begged and coerced defendant to plead guilty so that his imprisonment would not extend beyond his little girl's childhood. He asserts that as a result, the entry of the guilty plea was not made freely and intelligently. He also states that he did not receive a copy of the indictment until moments before he pleaded guilty, and that the State's Attorney had actually suggested to the court that appellant had a criminal record including one more felony than he actually had committed, but that because defendant's attorney had instructed defendant to "keep his

mouth shut" unless asked a direct question, defendant did not correct the record. He also requested that a hearing be granted on his petition and that he be allowed to be present personally at the hearing.

The allegations of defendant with respect to the activities of the State's Attorney were expressly denied, and the State's Attorney explicitly denied that he ever threatened to incarcerate defendant for life if he did not plead guilty. He also denied that he misinformed the court into believing that defendant had committed an additional felony. He likewise denied that confusion prevaded the proceedings or that defendant was denied a probation hearing. Defendant's trial attorney also denied defendant's charges as to such attorney and specifically denied that he had informed appellant that he could not have a hearing on probation or mitigation, but stated that he suggested to defendant that it was futile to request probation and that under the circumstances of the plea negotiation it was inadvisable to present matters in mitigation. Defendant's trial attorney and the State's Attorney supported their allegations by affidavit as did the petitioner.

The record in this cause fails to support the allegations upon which defendant relies. The record discloses a typical plea of guilty as a product of bargaining between the defense and prosecution. If the prosecution emphasized to the defense the strength of the prosecution's case and the weaknesses of the defendant's case and the possibility of sentences which might be imposed if a verdict of guilty was returned, this would be normal procedure in the process of plea negotiation. Defendant's attorney naturally and properly would make known to his client both the chances for success at the trial and the possibility of the severity of the penalty which could reasonably be expected to be imposed, if he was convicted on trial.

Before accepting defendant's plea, the trial court clearly ascertained that defendant had retained the trial attorney of his choice, and that defendant and the attorney had discussed the nature of the crime with which the defendant was charged. The court also ascertained that defendant and his attorney had discussed the penalty which could be imposed; that defendant was satisfied with his attorney's services, and, on the basis of his discussion with his attorney, defendant understood the nature of the crime with which he was charged and the penalty which could be imposed. The court specifically advised the defendant of the penalty that could be imposed upon a judgment of conviction.

It is also noted from the record that defendant was 31 years of age when he was arrested and that his criminal record dating back to 1955 included two felony convictions, one of which was a violation of parole. It is thus clear that defendant was not a stranger to criminal procedure.

■■ We find nothing to substantiate defendant's allegation that the prosecution, defendant's attorney or his own wife improperly coerced him or that his plea was other than completely voluntary. Defendant's own response to the court's questioning shows that he made his plea of guilty understandingly and that he understood the nature of the charge as set forth in the indictment. The court made the appropriate inquiry to determine whether defendant's plea was voluntarily and understandingly made in accordance with par. 113—4(c) of ch. 38 of Illinois Revised Statutes and defendant indicated by his answers that he clearly understood the procedure.

■■ The trial court also specifically asked whether defendant wanted to present testimony or evidence in mitigation. Defendant also advised the court, at the time of his arraignment, that he had received neither any promises nor threats. On a complete review of the record it is apparent that the court conducted such inquiries as were required to satisfy the trial court that the plea was voluntarily and understandingly made. The prosecution then recommended that the court impose the agreed sentence. The court's admonition to defendant and the acceptance of defendant's plea were clearly in conformity with *Boykin v. Alabama*, 395 U.S. 238.

■■ Defendant has also contended that he raised factual allegations in his post-conviction petition and that such allegations were brought into issue by the State's counteraffidavits, and, therefore, he had a constitutional right under the Federal and Illinois constitutions to be present personally at an evidentiary hearing on the petition, to be confronted with the opposing witnesses and to have compulsory process for the appearance of his witnesses. The record of the trial court indicates that prior to the entry of the plea of guilty, appellant was advised of all rights of which he claims to have been deprived. He waived the exercise of certain of such rights (such as the right to trial by jury) when he tendered his plea of guilty. We find nothing in this post-conviction procedure at this stage which requires that an evidentiary hearing be conducted, by mandate of either the Federal or Illinois constitutions. Under ch. 38, par. 122—6 of Illinois Revised Statutes; a procedure for disposition of post-conviction proceeding is outlined. The trial court is vested with the discretion to order that petitioner be brought before the court for hearing. It is specifically provided that the court may receive proof by affidavits, depositions, oral testimony or other evidence. Without a clear showing of prejudice, the trial court's determination that defendant need not be present at the hearing on the post-conviction petition should not and will not be disturbed. *People v. Ashley*, 34 Ill.2d 402, 216 N.E.2d 126, 132.

■■ It has been indicated that the purpose of pleadings filed under the Post-Conviction Hearing Act is to provide the court with a basis for determining whether petitioner is entitled to an evidentiary hearing, but an evidentiary hearing is not always a necessity. *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455, 457.

■■ We find no basis for a contention that the absence of defendant from the hearing on his post-conviction petition was prejudicial (*People v. Stovall*, 47 Ill.2d 42, 264 N.E.2d 174.) Before relief may be had under the Post-Conviction Hearing Act defendant must show a substantial violation of his constitutional rights. Appellant's contention that there was a technical violation of section 109—2 of the Criminal Code. (Ill. Rev. Stat. ch. 38, par. 109—2), did not establish that he was deprived of any constitutional right or, in fact, that he suffered any prejudice as a result of such violation. A mere technical violation of the statute would not support the granting of relief in this proceeding. cf. *People v. Masterson*, 45 Ill.2d 499, 259 N.E.2d 794.)

Since we find no reversible error in the record the order of the Circuit Court of La Salle County will be affirmed.

Order affirmed.

DIXON and SCOTT, JJ., concur.