THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES REDD, Defendant-Appellant.

(No. 72-352;

Fifth District—October 2, 1973.

Cohn, Carr, Korein, Junin and Brennan, of East St. Louis, (Jerome J. Schlichter, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant was convicted of the crime of murder upon his plea of guilty and received a sentence of 20 to 40 years imprisonment. This appeal is from an order denying his post-conviction petition.

Defendant's amended petition for post-conviction relief alleged that his privately retained attorney was incompetent and that his guilty plea was involuntarily made. In support of the petition defendant filed his own affidavits, and affidavits of his father and two witnesses, Yarbrough and McLorn. The latter two affidavits stated that the affiants were present on the occasion of the alleged murder and saw deceased brandish a gun (Yarbrough), or go for a gun (McLorn), and that defendant was acting in self-defense. Defendant also filed a motion for an evidentiary hearing on his post-conviction petition and a motion that he be allowed to personally attend the hearing. An evidentiary hearing was held during which the court heard the testimony of defendant's father, affiant McLorn, and the attorney who represented defendant at his trial and plea of guilty. The defendant was not permitted to be present. After considering the affidavits and the testimony of the witnesses, the court denied defendant's petition for post-conviction relief.

The issues presented for review are whether it is established that the representation afforded defendant by his trial counsel was so incompetent and inadequate as to constitute deprivation of counsel, whether the trial court committed a prejudicial abuse of discretion when it ruled defendant's guilty plea was not involuntary and whether defendant was prejudiced by the refusal of the court to permit him to be present at his post-conviction hearing, all in violation of constitutional guarantees.

We affirm.

Defendant's contention that he was incompetently and inadequately represented at his trial is supported by the testimony of his father and the matters contained in the affidavits. By these the defendant sought to establish that the attorney was ignoring or trying to evade defendant and his father and would not respond to the father's telephone calls for consultation, and had made no attempt to contact witnesses regarding defendant's defense, in particular witnesses Yarbrough and McLorn. Accordingly, defendant was forced to trial without preparation and without the means of advancing his asserted defense to the charges. Contradicting these assertions was the testimony of defendant's trial attorney. It revealed that he had been practicing criminal law in Illinois since 1936, that he had handled over 900 murder cases and had actually tried over 200 murder cases. Testifying from notes and memoranda prepared during the course of his investigation and preparation of the case he asserted that he had talked to defendant about his case on seven different occasions, some of them for extended periods. On the night before the trial he talked to the defendant at the jail at great length in preparing for trial. On none of these occasions did the defendant ever mention the names of either Yarbrough or McLorn and the

first time he had ever heard of those names was at the post-conviction hearing. The attorney had checked out all the State's witnesses.

The circumstances surrounding the plea of guilty were described by defendant's trial counsel. The trial of the case was commenced and the State put on all its witnesses and rested. The evidence was that defendant believed the deceased had burned his sister's house. Defendant went to the Ponderosa Tavern in East St. Louis looking for deceased. Deceased was not at the tavern but entered later with some others. After deceased entered defendant walked up behind him and shot him in the back two times. Other shots were fired but apparently missed. Defendant then asked for and received another gun from a bystander and shot deceased three more times as he lay prostrate on the floor. At the close of the State's case defendant's attorney consulted with the defendant and his parents and advised him that he could not win the case and he thought defendant would receive a lesser sentence if he would plead guilty. He denied that any promises had been made to defendant and his parents to induce a guilty plea. Thereupon the defendant entered his plea of guilty.

■■■ Under these circumstances we believe the trial court was not in error in finding defendant failed to establish the inadequacy or incompetency of his representation at the trial. We think it also established that the trial court did not abuse its discretion when it found that defendant's guilty plea was not involuntary. The testimony of defendant's father sought to establish that defendant's attorney assured defendant that the maximum term of imprisonment he would receive was 20 years. This was contradicted by testimony of defendant's attorney that there was never any agreement or promise on the part of the State's Attorney regarding the sentence defendant would receive if he entered a plea of guilty. He furthermore denied he had given any indication of what the sentence would be other than to tell defendant the minimum possible. Defendant has thus failed to establish that he entered a plea of guilty upon an unkept promise.

■■ We also do not find that the trial court was guilty of prejudicial abuse of discretion when it refused to permit defendant to be present at the post-conviction hearing. Section 122—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 122—6) recites that the court "may" order the petitioner brought before the court for the post-conviction hearing. This has been uniformly interpreted as vesting the question of a petitioner's presence in the sound discretion of the trial court and the exercise of that discretion will not be disturbed unless there is a clear showing of prejudice resulting from the court's decision. *People v. Stovall*, 47 Ill.2d 42, 264 N.E.2d 174; *People v. Ashley,*

34 Ill.2d 402, 216 N.E.2d 126; and *People v. Ramme,* 4 Ill.App.3d 386, 280 N.E.2d 473.

For the foregoing reasons the judgment of the trial court will be affirmed.

Affirmed.

G. MORAN and CREBS, JJ., concur.