THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* BRUCE THURMAN, Petitioner-Appellant.

(No. 58508; ▮▮▮▮▮▮▮▮

First District (4th Division)—December 19, 1973.

John B. Cooley, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and William K. Hedrick, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Petitioner was found guilty of murder in a bench trial and was sentenced to serve a term in the Illinois State Penitentiary of not less than 70 nor more than 80 years. This conviction was affirmed by this court. (*People v. Thurman,* 76 Ill.App.2d 41, 221 N.E.2d 798.) On June 20, 1968, petitioner filed a pro se petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 122—1 *et seq.*), alleging that his constitutional rights had been violated since he had not consented to the warrantless search of a room in which certain evidence used against him at the trial was found. The Cook County Public Defender was appointed to represent petitioner. The petition was amended several times until May 12, 1970, when an Amended Petition for Post-Conviction Relief was filed, alleging that no jury waiver was constitutionally permissible upon petitioner's plea of not guilty. This petition was dismissed by the trial court on April 23, 1971, on the State's motion. Petitioner appeals from this order of dismissal.

■■ It is argued on this appeal that several of petitioner's rights under the United States Constitution were violated by the search of the room in which a raincoat and a gun used at trial were found. While petitioner urges that this issue should not be considered res judicata, nonetheless this issue was considered upon review of this conviction (*People v. Thurman, supra.*) and numerous cases have held that "where an appeal was taken from a conviction, the judgment of the reviewing court in res judicata as to all issues actually raised, and those that could have been presented but were not, are deemed waived." *People v. French,* 46 Ill.2d 104, 107, 262 N.E.2d 901.

■■ Even though we are of the opinion that the question of the search is res judicata, this question is not properly before this court upon review of the dismissal of the amended petition. The petition before the trial court in the instant case alleged that petitioner could not constitutionally waive his right to a jury trial on a plea of not guilty. Petitioner's brief, however, does not raise this issue at all, but argues instead that the search of the room was improper. The trial court did not pass on this issue when it dismissed the petition before it and it is then impossible for us to say that it was error to dismiss the petition on this basis.

Petitioner acknowledges that the amended petition before the trial court contained no issues relating to the search of the room, but argues that the order of dismissal be reversed since the record "unmistakenably" shows that he did not receive adequate representation on his original petition or on the amended petition. Petitioner's allegation of inadequate representation in his brief is simply that since the questions relating to the search were not, in his opinion, barred on grounds of res judicata or waiver, that he did not receive adequate assistance of counsel when this ground was not raised in the amended petition.

· We disagree with petitioner. As discussed above, the allegations contained in the original *pro se* petition were res judicata. It is therefore, somewhat difficult to argue that failure to allow this petition to be submitted to the court unamended amounts to inadequate representation of counsel. Petitioner's brief cites the leading case of *People v. Slaughter,* 39 Ill.2d 278, 235 N.E.2d 566, for the proposition that a *pro se* petition should be amended with assistance of counsel to present the allegations of petitioner in appropriate legal form. In the instant case, however, petitioner had the assistance of counsel in presenting his claim.

Petitioner's real complaint seems to be not one regarding any defects in the form of the petition, but that the allegations lacked sufficient substance. A similar complaint of inadequate representation was brought in *People v. Stovall,* 47 Ill.2d 42, 264 N.E.2d 174. The court rejected the claim, stating:

"Counsel is, of course, not under any obligation to fabricate claims of constitutional deprivation. * * * Where there is not a showing that sufficient facts or evidence exists, inadequate representation certainly will not be found because of an attorney's failure to amend a petition, or, when amended, failing to make the petitioner's allegation factually sufficient to require the granting of relief. *Cf. People v. Smith*, 40 Ill.2d 562; *People v. Gendron*, 41 Ill.2d 518." 47 Ill. 2d 46.

We have carefully examined the entire record before this court and are of the opinion that the trial court was correct in dismissing the petition on motion of the State.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and JOHNSON, J., concur.