NOTICE

Decision filed 04/02/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180506-U

NO. 5-18-0506

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 12-CF-42 |
| | ) | |
| ARMAND ISAAC, | ) | Honorable |
| | ) | Richard L. Tognarelli, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's second-stage dismissal of defendant's petition for postconviction relief is affirmed where postconviction counsel rendered a reasonable level of assistance in compliance with Supreme Court Rule 651(c).

¶ 2    On appeal from the second-stage dismissal of his amended petition for postconviction relief, Armand Isaac, the defendant, argues that we should remand for further second-stage proceedings because postconviction counsel failed to provide a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012). For the reasons that follow, we disagree.

1

¶ 3                                    BACKGROUND

¶ 4      On January 5, 2012, the defendant was charged with two counts of attempted first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2012)) and one count of attempted armed robbery (*id.* § 18-2(a)(2)). Trial counsel was appointed to represent him. While representing defendant, trial counsel filed three motions to withdraw as counsel at defendant's request. At one point, defendant wrote a letter to the trial court asserting he and trial counsel were "not seeing eye to eye." On May 20, 2013, at a hearing on trial counsel's third motion to withdraw, the trial court informed defendant he had a right to appointed counsel or he could represent himself. Defendant chose to retain trial counsel.

¶ 5      On June 3, 2013, defendant pled guilty to the offense of aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)) in exchange for 12 years' imprisonment. During the plea hearing, defendant indicated that he was not satisfied with trial counsel's representation but still wanted trial counsel to represent him and to proceed with his guilty plea. The trial court fully admonished defendant pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). Defendant confirmed he discussed the guilty plea with trial counsel and entered the plea freely and voluntarily.

¶ 6      Subsequently, defendant filed a *pro se* motion for reduction of sentence on September 13, 2013. The motion alleged that his sentence should be reduced due to a "[l]ack of representation because me and my lawyer couldn't get along which in turn affected the outcome of my case and the harsh outcome." The State filed a motion to dismiss, arguing that defendant failed to file a motion to withdraw his guilty plea within 30 days of his plea. Before a hearing could be held on the State's motion to dismiss,

2

defendant filed a late notice of appeal. The trial court vacated the appeal to address defendant's motion for reduction of sentence.

¶ 7     At a hearing on defendant's motion, the trial court informed defendant that his motion was improper because he entered into a negotiated plea and asked defendant if he wanted to withdraw his plea of guilty. Defendant indicated he did not want to withdraw his guilty plea but wanted his sentence reduced because his trial counsel was ineffective. The trial court informed defendant that it would appoint postconviction counsel to proceed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)) and noted there had been no proper postconviction pleading filed as of that date.

¶ 8     Postconviction counsel was appointed on March 18, 2014. The trial court filed written orders on January 28, 2016, June 28, 2016, December 20, 2016, May 30, 2017, and December 19, 2017, that observed defendant was in court and consulted with his attorney.

¶ 9     On December 19, 2017, while defendant was in court with postconviction counsel, counsel filed a postconviction petition on defendant's behalf. The petition alleged there was a "substantial deprivation of Defendant's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, in that, *inter alia*, Defendant and his attorney experienced communication difficulties." The petition also alleged defendant requested different trial counsel approximately 60 days prior to his negotiated plea and entered the plea "out of a feeling of hopelessness and despair." The petition claimed "good

cause" existed for the court to allow the postconviction petition to "relate back" to defendant's *pro se* motion for reduction of sentence filed on September 13, 2013.[1]

¶ 10    On April 2, 2018, the State filed a motion to dismiss defendant's postconviction petition arguing, *inter alia*, that the petition "fail[ed] to state any legal basis" for vacating the negotiated plea and sentencing, and that defendant failed to file a motion to withdraw guilty plea.

¶ 11    Defendant wrote a letter to the trial court, filed on June 13, 2018, asserting that postconviction counsel had given him no information about his case "for the last five years" and he did not know if counsel "put in a post-conviction relief motion."

¶ 12    On September 26, 2018, postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) certifying he had

> "consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of deprivation of constitutional rights; *** examined the trial court file, the record of the proceedings at the trial or plea of guilty and the report of proceedings at the sentencing hearing; and *** made any amendments to the petition filed *pro se* that are necessary for adequate presentation of defendant's contentions."

---

[1]The record indicates that the trial court advanced defendant's *pro se* motion for reduction of sentence to second-stage proceedings as if it was a *pro se* postconviction petition under the Act. Both parties to this appeal proceed on this conclusion. Therefore, defendant's *pro se* motion for reduction of sentence is referred to as defendant's *pro se* postconviction petition.

¶ 13 During a hearing on the State's motion to dismiss that same day, postconviction counsel reasserted that defendant and trial counsel had difficulties communicating, defendant's request for a new attorney had been denied, and defendant sat in jail for over a year before entering into a negotiated plea out of hopelessness and despair. The court granted the State's motion and defendant's postconviction petition was dismissed. Defendant timely appealed the second-stage dismissal of his postconviction petition.

¶ 14                                    ANALYSIS

¶ 15 The issue on appeal is whether postconviction counsel failed to provide defendant with a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c). Defendant claims postconviction counsel's assistance was not reasonable because the record rebuts the presumption of compliance with Rule 651(c). Defendant argues postconviction counsel (1) failed to consult with defendant before filing a postconviction petition on his behalf, (2) failed to make amendments to defendant's *pro se* petition that were necessary for an adequate presentation of his contentions, and (3) failed to attach an affidavit from defendant to the amended petition.

¶ 16 The Post-Conviction Hearing Act (Act) provides collateral means for a defendant to challenge a conviction or sentence by alleging it resulted from a substantial violation of constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2014). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. Cotto*, 2016 IL 119006, ¶ 26. At the first stage, the trial court determines whether a postconviction petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). During second-stage proceedings, a defendant has the right to counsel, who may amend the claims

5

in the *pro se* petition, and the State may file a motion to dismiss. *People v. Perkins*, 229 Ill. 2d 34 (2007). If the petition makes a substantial showing of a constitutional violation, it will advance to an evidentiary hearing in the third stage. *People v. Pendleton*, 223 Ill. 2d 458 (2006).

¶ 17    Our supreme court has held that the Act requires counsel to provide a "reasonable" level of assistance in postconviction proceedings. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). To ensure this level of assistance, Rule 651(c) imposes specific duties on postconviction counsel. *Id.* The rule requires counsel to (1) consult with the defendant to ascertain his or her contentions of constitutional deprivations, (2) examine the record of the trial proceedings, and (3) make any amendments to the filed *pro se* petition necessary to adequately present the defendant's claims. *Id.*; Ill. S. Ct. R. 651(c) (eff. Apr. 26, 2012).

¶ 18    If postconviction counsel files a facially valid Rule 651(c) certificate, a rebuttable presumption is created that counsel provided reasonable assistance and complied with the rule. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 31. It is the defendant's burden to overcome this presumption. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. We review *de novo* whether postconviction counsel rendered a reasonable level of assistance in compliance with Illinois Supreme Court Rule 651(c). *Wallace*, 2018 IL App (5th) 140385, ¶ 31. In this case, postconviction counsel filed a Rule 651(c) certificate. It is therefore defendant's burden to overcome this presumption.

¶ 19    Defendant first argues that the record rebuts the presumption that postconviction counsel consulted with him before filing a postconviction petition in order to ascertain his contentions of deprivation of constitutional rights. Specifically, defendant points to a letter

he wrote to the trial court, filed in June 2018, claiming counsel gave him no information about his case "for the last five years" and that he did not know if counsel had filed a postconviction petition.

¶ 20   Rule 651(c) requires postconviction counsel to consult with defendant to ascertain his constitutional claims, and the dismissal of a postconviction petition is reversed where there has been "a complete absence of consultation." *Turner*, 187 Ill. 2d at 411. The rule does not, however, require counsel to consult with defendant a certain number of times. *Id.* Our supreme court has held that "there is no reason as a matter of law why this cannot be accomplished in one meeting with defendant." *Id*.

¶ 21   Postconviction counsel was appointed to represent defendant on March 18, 2014, and filed an amended postconviction petition on December 19, 2017. Trial court orders dated January 28, 2016, June 28, 2016, December 20, 2016, May 30, 2017, and December 19, 2017, note that defendant was in court and consulted with his attorney. The record reflects that postconviction counsel consulted with defendant in person at least four times prior to filing a postconviction petition and was in court with defendant the day the petition was filed. Defendant's letter to the trial court claiming postconviction counsel had given him no information about his case "for the last five years" and that he did not know if counsel filed a postconviction petition is belied by the record. Defendant therefore offers no information on appeal that rebuts the presumption of counsel's compliance with this requirement of Rule 651(c).

¶ 22   Defendant also argues that postconviction counsel violated Rule 651(c) by failing to make amendments to defendant's *pro se* petition that were necessary for an adequate

7

presentation of his contentions. He claims the amended postconviction petition does not adequately articulate a legal theory or explain what communication difficulties occurred between trial counsel and himself.

¶ 23 To provide a reasonable level of assistance guaranteed by Rule 651(c), counsel is required to make amendments to defendant's *pro se* postconviction petition that are necessary to adequately present defendant's claims. *Turner*, 187 Ill. 2d at 412. "Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993). Our supreme court has held that it is not "necessary" to advance claims that lack merit, and that this obligation does not require counsel to advance frivolous or spurious claims on defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). To successfully claim postconviction counsel was unreasonable for failing to make the petition's allegations factually sufficient to obtain relief, defendant must show that sufficient facts or evidence existed. *People v. Stovall*, 47 Ill. 2d 42, 46 (1970).

¶ 24 Defendant fails to rebut the presumption that counsel made the necessary amendments to adequately present defendant's claims. Defendant's *pro se* petition argued simply that there was a "lack of representation" because he and trial counsel "couldn't get along." Postconviction counsel amended defendant's *pro se* petition to additionally assert that defendant's sixth amendment right to effective assistance of counsel was violated because defendant and his attorney had communication problems, defendant requested different trial counsel approximately 60 days prior to his negotiated plea, and defendant entered into the negotiated plea out of a feeling of hopelessness and despair. Postconviction

counsel not only asserted the legal theory of ineffective assistance of trial counsel, he also founded defendant's error in a constitutional right and provided a more detailed argument.

¶ 25    We also reject defendant's contention that counsel inadequately explained the communication difficulties between defendant and trial counsel. Because postconviction counsel filed a 651(c) certificate, we presume he consulted with defendant to acquire evidence in support of defendant's allegations and amended the petition to include same. Defendant fails to specify what supporting facts or explanations counsel should have included in the amended petition. The absence of evidence in an amended petition alone is insufficient to conclude counsel was unreasonable or failed to investigate defendant's claims. See *Stovall*, 47 Ill. 2d at 46.

¶ 26    Defendant's final argument is that postconviction counsel did not comply with Rule 651(c) because he did not attach an affidavit from defendant to the amended postconviction petition that described the communication difficulties defendant had with trial counsel as required under section 122-2 of the Act (725 ILCS 5/122-2 (West 2014)). Defendant suggests that his postconviction petition was dismissed because postconviction petitions not supported by affidavits or other supporting documents are "generally dismissed without an evidentiary hearing." *People v. Johnson*, 154 Ill. 2d 227, 240 (1993).

¶ 27    Section 122-2 of the Act provides that "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2014). However, our supreme court in *Stovall* found that "[a]bsent a showing of available material for supporting affidavits, a failure to

9

present affidavits obviously cannot be considered a neglect by the attorney." 47 Ill. 2d at 46.

¶ 28 Defendant does not point to the existence of any additional facts or evidence supporting his claims that could have been in his affidavit. We cannot assume counsel was unreasonable in failing to attach an affidavit absent a showing that such supporting evidence existed. See *id*. Moreover, despite defendant's contention, the trial court did not dismiss defendant's postconviction petition because it was not supported by affidavits. The trial court granted the State's motion to dismiss that argued the petition failed to state any legal basis for vacating the negotiated plea.

¶ 29 We conclude that defendant has failed to overcome the rebuttable presumption of postconviction counsel's compliance with Rule 651(c).

¶ 30 CONCLUSION

¶ 31 For the foregoing reasons, we find that postconviction counsel provided reasonable assistance in accordance with Illinois Supreme Court Rule 651(c). Accordingly, we affirm the trial court's second-stage dismissal of the amended postconviction petition.

¶ 32 Affirmed.