2026 IL App (1st) 241695-U

No. 1-24-1695

Order filed March 5, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 07580 |
| | ) | |
| DONALD KRISIK, | ) | Honorable |
| | ) | Pamela J. Stratigakis, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Petitioner failed to overcome the presumption that postconviction counsel provided reasonable assistance of counsel at the second stage of postconviction proceedings.

¶ 2    Petitioner, Donald Krisik, appeals the second-stage dismissal of his postconviction petition. On appeal, Krisik contends that his postconviction counsel provided unreasonable assistance. For the following reasons, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    The following facts are summarized from Krisik's direct appeal to this court. See *People v. Krisik*, 2018 IL App (1st) 161265.

¶ 5    Michelle Ghorley was Krisik's former girlfriend and the mother of his young child. *Id*. ¶ 5. On April 17, 2014, during an argument at the home Ghorley shared with her family, Krisik slapped her in the face, grabbed her by the throat, and began choking her. *Id*. Krisik continued to choke the victim until her sister, Star, and a male family friend intervened and restrained Krisik. *Id*. Krisik was arrested that same day. *Id*. Police photographs depicted bruising on Ghorley's arms and neck. *Id*.

¶ 6    Before trial, there were two dates at which Krisik answered that he was ready for trial, but the State answered it was not because it had been unable to locate Ghorley and other witnesses. *Id*. ¶¶ 7-10.

¶ 7    At a hearing before trial, the State informed the trial court that while Krisik was in custody, he violated the conditions of his bond by telephoning Ghorley on multiple occasions and meeting with her during a jail visit. *Id*. ¶ 12. The State presented audio recordings of phone calls Krisik placed from the jail to Ghorley asking her to evade service, to not attend court on the days he planned to demand trial, and to move out of state or hide out at his mother's house. *Id*. Krisik told Ghorley he would arrange for her to receive money to relocate to another state. *Id*. Krisik also asked Ghorley to try and convince other witnesses to lie about what they saw and to deny that he committed the alleged offenses. *Id*.

¶ 8    The State sought to admit prior statements made by Ghorley and her sister Star pursuant to the doctrine of forfeiture-by-wrongdoing. *Id*. ¶ 14. The court heard the recordings and ruled in favor of the State. *Id*. Ghorley's prior typewritten statement was introduced into evidence, as well

as her preliminary hearing testimony. *Id*. ¶¶ 31, 39. Krisik was found guilty of aggravated battery and aggravated domestic battery. *Id*. ¶ 46.

¶ 9    At sentencing, the State argued that Krisik should be sentenced as a Class X offender based on his convictions of six Class 2 offenses, including a 2001 conviction for robbery, a 2005 conviction for possession of a stolen motor vehicle, and a 2008 conviction for a burglary in Texas. The court found Krisik "Class X mandatory by background" and sentenced him to 16 years in prison. Krisik appealed, and this court affirmed.

¶ 10    On December 31, 2018, Krisik filed a *pro se* postconviction petition raising ineffective assistance of trial counsel, prosecutorial misconduct, and a sentencing issue. Krisik stated that trial counsel failed to meet and consult with him while he was out on bond, failed to contact Ghorley when she could have supported his claim of prejudice, failed to file a motion to dismiss the indictment, failed to contact Star's ex-boyfriend who would have testified that Ghorley fabricated her story, and failed to investigate leads and gather evidence.

¶ 11    The petition was not ruled upon within 90 days and was therefore advanced to the second stage. On February 17, 2022, Krisik's counsel filed a Rule 651(c) certificate and an amended petition that incorporated Krisik's *pro se* petition and added a new claim of ineffective assistance of appellate counsel.

¶ 12    The State moved to dismiss the petition. At a hearing on the motion, Krisik's counsel stated that "after completing my investigation into Mr. Krisik's claims, I do not have any additional affidavits, evidence, or exhibits to supplement Mr. Krisik's *pro se* filing."

¶ 13    The circuit court granted the State's motion to dismiss Krisik's postconviction petition. In a written order, it found that Krisik failed to set forth, in his ineffective assistance of counsel claim, what evidence was not shown to him prior to trial and how he was prejudiced by it. It noted that

Krisik did not set forth any evidence to show what further investigation into certain witnesses would have yielded. The court found Krisk's argument that trial counsel was ineffective for failing to point out inconsistencies in the State's evidence to be "essentially attempting to raise a reasonable doubt argument, which is not cognizable in a postconviction proceeding."

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Krisik contends that postconviction counsel provided unreasonable assistance by failing to make necessary amendments to properly present his claims or by failing to file a motion to withdraw if counsel determined Krisik's claims lacked merit. Krisik also contends, in a supplemental brief, that postconviction counsel was unreasonable for failing to amend his postconviction petition to include the argument that Krisik was improperly sentenced as a Class X offender where his sentence depended on a predicate offense committed when he was under 21 years old.

¶ 16    Under the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)), a criminal defendant may claim that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2024). The Act provides a three-stage mechanism for a defendant to advance such a claim. *People v. Custer*, 2019 IL 123339, ¶ 29. At the first stage, the trial court must independently review the petition within 90 days of its filing and determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2024). If the petition is not summarily dismissed, it must be docketed for further consideration in the second stage. *Id*. Here, the trial court failed to rule on Krisik's motion within 90 days, so it was advanced to the second stage. *Harris*, 224 Ill. 2d at 129; *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 17 At the second stage, the trial court may appoint counsel to assist an indigent defendant. 725 ILCS 5/122-4 (West 2024). The defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Such a showing is made when the petition's well-pled allegations, if proven at an evidentiary hearing, would entitle the defendant to relief. *Domagala,* 2013 IL 113688*,* ¶ 35. The trial court does not engage in fact-finding or credibility determinations at this stage; rather, all well-pleaded facts not positively rebutted by the original trial record are taken as true. *Id*. We review a circuit court's second-stage dismissal *de novo*. *Pendleton*, 223 Ill. 2d at 473.

¶ 18 The sixth amendment right to counsel does not extend to postconviction petitioners, and therefore criminal defendants seeking relief in postconviction proceedings have no constitutional right to counsel, effective or otherwise. *Custer*, 2019 Il 123339, ¶ 30. Postconviction petitioners are entitled to only "the level of assistance guaranteed by the Act." *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). "The required quantum of assistance has been judicially deemed to be a 'reasonable level,' a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." *Custer*, 2019 IL 123339, ¶ 30 (quoting *Pendleton*, 223 Ill. 2d at 472). One reason for the lower standard in postconviction cases is the widely differing statuses of defendants prior to and following conviction. *Id*. ¶ 31. "Before and during trial, criminal defendants are presumptively innocent of the charges filed against them; that presumption is stripped away once defendants have been convicted and pursue postconviction relief, generally after unsuccessfully attempting to obtain relief on direct appeal." *Id*.

¶ 19 Illinois Supreme Court Rule 651 (eff. Jul. 1, 2017) outlines the requisite duties of postconviction counsel. They are required to certify that they have "consulted with the petitioner by phone, mail, electronic means or in person," "examined the record" as needed to shape the

defendant's *pro se* claims, and "made any amendments to the petitions filed pro se that are necessary for an adequate presentation" of those claims. Ill. S. Ct. R. 651(c) (eff. Jul. 1, 2017). Postconviction counsel creates a rebuttable presumption that reasonable assistance was provided by filing a Rule 651 certificate. *Custer*, 2019 IL 123339, ¶ 32.

¶ 20                    A. Alleged Failure to Make Necessary Amendments

¶ 21    Krisik's first argument is that postconviction counsel failed to make necessary amendments to his *pro se* postconviction petition to properly present his claims. Specifically, he argues that to plead ineffective assistance of trial counsel, Krisik needed to plead both deficient performance by trial counsel and prejudice suffered as a result, but that the amended petition was completely devoid of "any facts to establish the prejudice prong" of the ineffective assistance of counsel claim.

¶ 22    Under S*trickland*, a defendant must establish that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's substandard performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This means that "counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland*, 466 U.S. at 694).

¶ 23    Here, postconviction counsel filed a Rule 651(c) certificate, and therefore there is a presumption of reasonable assistance. *Custer*, 2019 IL 123339, ¶ 32. To rebut this presumption, Krisik alleges that postconviction counsel "made no attempt to amend Krisik's petition to explain how trial counsel's deficiencies prejudiced him." He claims, relying on *People v. Turner*, 187 Ill. 2d 408 (1999), that failing to shape his claims into proper legal form by pleading the necessary elements of his claims was unreasonable.

¶ 24    In *Turner*, the trial court held that the claims in petitioner's postconviction petition were waived because they could have been raised on direct appeal but were not. *Id.* at 412-13. The supreme court noted that if the petitioner's postconviction counsel had amended the petitioner's claims to add a claim of ineffective assistance of appellate counsel for failing to raise the issues on direct appeal, the claims would not have been barred by waiver. *Id.* at 413. The court found that postconviction counsel's failure to amend the petition to allege ineffective assistance of appellate counsel prevented the circuit court from considering the merits of the petitioner's claims and "directly contributed to the dismissal of the petition without an evidentiary hearing." *Id.*

¶ 25    The *Turner* court further noted that postconviction counsel failed to make additional amendments which were necessary for an adequate presentation of the claims in the petitioner's *pro se* petition, like failing to include that the petitioner was prejudiced by the alleged ineffective assistance of his trial counsel. *Id.* Postconviction counsel also failed to attach any affidavits to support the postconviction petition and did not offer an explanation as to why there were no supporting documents. *Id.* at 414. The court found that given the totality of the circumstances, postconviction counsel's assistance was unreasonable and fell below the level of assistance required by Rule 651(c). *Id.*

¶ 26    Here, however, postconviction counsel specifically amended Krisik's petition to add ineffective assistance of appellate counsel, thereby allowing the circuit court to review the issues in Krisik's petition. Counsel stated in the amended petition that it was filed to augment Krisik's previously filed postconviction petition which specifically alleged prejudice regarding trial counsel's alleged deficiencies, unlike in *Turner*. *Id.* (postconviction counsel failed to include that the petitioner was prejudiced by the allegedly ineffective assistance of counsel). Krisik's petition specifically stated that "the court must follow the two[-]pronged test of *Strickland v. Washington*,

466 US. 668 (1984)." It also stated that counsel's representation fell below an objective standard of reasonableness and that "but [for] this deficiency, there is a reasonably probability that the outcome of the litigation would have been different." Krisik further asserted that he "must satisfy both prongs of the *Strickland* test to prevail on a claim of ineffective assistance of counsel." He stated that he would show in his petition that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the sixth amendment and counsel's deficient performance prejudiced the defense." The petition also stated that "counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." Accordingly, prejudice was certainly alleged in the petition.

¶ 27    Krisik also argues that postconviction counsel failed to allege specific factual allegations to support his claim of prejudice. However, Krisik's postconviction petition contained several specific factual allegations to support his claim that he was prejudiced by his counsel's alleged ineffectiveness. Krisik stated that he would show in the petition that "counsel made errors so serious as to deprive defendant of a fair trial." In the paragraphs that followed, Krisik stated that trial counsel failed to meet and consult with him while he was out on bond, failed to contact Michelle Ghorley when she could have supported his claim of prejudice, failed to file a motion to dismiss the indictment, failed to contact Star's ex-boyfriend who would have testified that Ghorley fabricated her story, and failed to investigate leads and gather evidence.

¶ 28    To the extent that Krisik argues postconviction counsel should have alleged additional facts in support of his claim of prejudice, he does not say on appeal what those facts may have been. "Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief."

*People v. Tovall*, 47 Ill. 2d 42, 46 (1970). Here, Krisik has made no such showing as to what counsel should have alleged that would have granted him relief. Accordingly, we find that Krisik has not overcome the presumption that postconviction counsel provided Krisik with reasonable assistance. See *People v. Turner*, 2023 IL App (1st) 191503, ¶ 26 (postconviction counsel's filing of a Rule 651(c) certificate creates a presumption that postconviction counsel provided defendant with reasonable assistance, and it is defendant's burden to overcome that presumption by demonstrating an attorney's failure to substantially comply with the duties mandated by Rule 651(c)).

¶ 29   Krisik also takes issue with counsel's failure to amend the petition with an affidavit from Krisik. He claims that his allegations in the petition could have been "adequately shaped and presented by an affidavit from [Krisik] himself." It does not automatically follow, however, that Krisik's affidavit would have supported his claims of trial counsel's ineffectiveness; rather, discussions between Krisik and postconviction counsel may have painted a different picture. Additionally, postconviction counsel may have learned that Krisik's proposed testimony would have harmed his case. See *People v. Perkins*, 229 Ill. 2d 34, 52 (2007) (while an attorney's Rule 651(c) certificate can be rebutted, "nothing in the record on appeal contradicts counsel's certificate asserting that there were no amendments necessary for adequate presentation of petitioner's claims"). Accordingly, we must give effect to counsel's official representation that counsel complied with Rule 651(c), and we find that Krisik has not rebutted this presumption.

¶ 30                    B. Failure to Withdraw as Counsel

¶ 31   Krisik argues in the alternative that if postconviction counsel failed to amend the petition because there were no amendments available that could have presented non-frivolous claims, then postconviction counsel was unreasonable for failing to withdraw. However, there is simply no

evidence that postconviction counsel found the claims to be frivolous. *People v. Huff*, 2024 IL 128492, ¶34 (where there was no indication that counsel knew the claim was frivolous, rather than merely weak, there was no obligation for appointed counsel to withdraw). Moreover, postconviction counsel did amend the petition, adding the claim of ineffective assistance of appellate counsel, in order to properly present Krisik's postconviction claims to the court.

¶ 32                 C. Failure to Include Claim of Improper Sentence

¶ 33    As a final matter, Krisik filed a supplemental brief on appeal arguing that postconviction counsel provided unreasonable assistance of counsel for failing to amend his postconviction petition to add a sentencing claim. Specifically, he contends that he was improperly sentenced as a Class X offender pursuant to 730 ILCS 5/5-4.5-95 (b) (West 2024), where one of his predicate offenses was committed when he was under the age of 21.

¶ 34    When sentencing Krisik as a Class X offender, the trial court relied on two predicate Class 2 convictions. The first was a 2005 conviction for possession of a stolen vehicle and the second was for a robbery that occurred in 2001 when Krisik was 19 years old. In 2021, the legislature amended the requirements for a defendant to qualify as a habitual criminal, or a Class X by background under 730 ILCS 5/5-4.5-95(b), to ensure that the first offense was committed when the person was 21 years of age or older. Pub. Act 101-652 (July 21, 2021). Then, on October 20, 2022, our supreme court issued its opinion of *People v. Stewart*, 2022 IL 126116, which held that the 2021 amendment had retroactive effect on cases pending on collateral review. *Id*. ¶ 22. Krisik contends that postconviction counsel was unreasonable for failing to amend his *pro se* postconviction petition to add this claim based on *Stewart*.

¶ 35    However, *Stewart* was not decided until October 20, 2022, nine months after postconviction counsel filed the amended postconviction petition and Rule 651(c) certificate on

February 17, 2022. We cannot say that that postconviction counsel was unreasonable for failing to raise new arguments for which authority did not exist. See *People v. Buchanan*, 2024 IL App (1st) 221579-U (defendant's argument fails because his assertion would have required postconviction counsel to be clairvoyant regarding legislation and case law that did not exist).

¶ 36    Moreover, we note that postconviction counsel is not required to add new claims. "[C]ounsel is only required to investigate and properly present the petitioner's claims" that are raised in the *pro se* postconviction petition. *People v. Davis*, 156 Ill. 2d 149, 164 (1993). While postconviction counsel may raise additional issues if he or she so chooses, "there is no obligation to do so." *Pendleton*, 223 Ill. 2d at 476. Accordingly, Krisik cannot overcome the presumption that postconviction counsel provided reasonable assistance.

¶ 37                                    III. CONCLUSION

¶ 38    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 39    Affirmed.